# HENRY SMITH, ANCILLARY ADMINISTRATOR C. T. A. OF THE ESTATE OF ALFRED WILLIS, DECEASED, *v.* HENRY C. HAPAI, TREASURER OF THE TERRITORY OF HAWAII.

## No. 1393.

### SUBMISSION UPON AGREED FACTS.

SUBMITTED NOVEMBER 15, 1922.		DECIDED JANUARY 4, 1923.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

TAXATION—*inheritance taxes—exemptions—charitable societies.*

Under R. L., Sec. 1324, a charitable society, although not created under Hawaiian law and not extending charitable aid in Hawaii, is exempt from inheritance taxes.

### OPINION OF THE COURT BY PERRY, J.

The agreed facts are as follows: "That Henry Smith, a resident of the Territory of Hawaii, is the duly qualified and acting administrator with the will annexed of the Estate of Alfred Willis, deceased; that said will has been admitted to probate and is of record in the files of the Circuit Court of the First Judicial Circuit as Probate No. 6094; that decedent died in London, England, November 14, 1920, and was a non-resident of the United States and of this Territory, enjoying at the time of his death the office of the Bishop of Tonga; that the value of the estate in Hawaii left by said decedent has been determined by appraisers appointed by the Probate Judge for the purpose of determining the amount of the inheritance tax due the Territory to be $10,419.00; that by said will all of the property in Hawaii belonging to decedent was given to 'The Society for the Propagation of the Gospel in Foreign Parts' for certain uses; that said Society is engaged in and devoted to charitable and

benevolent work (pecuniary profit not being its object or purpose), and the said uses of the gift are for charitable and benevolent purposes; that said Society has its head-quarters in London, England, and no longer is engaged in missionary activities in Hawaii; that the value of the gift to the Society is said appraised value of the estate less taxes and the costs and expenses of administration."

The question submitted to this court upon these facts is whether the legacy mentioned is subject to the inheritance tax under the laws of Hawaii.

Our statute on the subject (R. L., Sec. 1324) reads as follows: "All property transferred to societies, corporations, and institutions exempted by law from taxation, or to any public corporation, or to any society, corporation, institution, or association of persons engaged in or devoted to any charitable, benevolent, educational, public or other like work (pecuniary profit not being its object or purpose), or to any person, society, corporation, institutions, or associations of persons in trust for or to be devoted to any charitable, benevolent, educational, or public purpose, by reason whereof any such person or corporation shall become beneficially entitled, in possession or expectancy, to any such property, or to the income thereof, shall be exempt from this tax."

The question argued and submitted is purely one of the construction of this statute, the contention advanced on behalf of the Territory being that only those societies are exempted which are the creatures of Hawaiian law or which dispense their charities in Hawaii. We can find no room in the words of the statute for such a construction. The language is general, that all property transferred to *any* society, corporation, institution or association of persons engaged in or devoted to any charitable, benevolent, educational, public or other like work (pecuniary profit not being its object or purpose) or to *any*

person, society, corporation, institution or association of persons in trust for charitable purposes, shall be exempt. It would have been as simple a matter to add words limiting these persons and societies to residents or to citizens or to creatures of local statutes as it was to omit such limitations. The only statutory description or qualification of the persons, societies and institutions which are being rendered exempt by the statute is that the legatees or other beneficiaries shall be engaged in or devoted to charitable purposes and work without pecuniary profit. This latter requirement is fulfilled in the case of the society named in the submission. The words "any person" cannot be construed, in the absence of qualifying expressions in the statute, to mean only such persons as are residents of Hawaii or only such as are citizens of Hawaii or of the United States of America; and the same is true of the words "any society" as well as of the other similar terms in the section under consideration.

The cases cited, and that can be cited, in a study of this question are not numerous. In some, the language of the statutes under consideration is materially different from that of our statute and the discussions in those cases cannot be of assistance in this. In one or two others the opposite conclusion was reached from that arrived at in the case at bar, but the reasoning in those cases does not appeal to us as being persuasive. In a case in California, to wit, the *Estate of Fiske* (178 Cal. 116), under a statute precisely in the same language as ours, the court held that the exemption allowed by the statute extended to foreign charitable corporations and was not limited to domestic corporations. The court said, *inter alia,* (pp. 117-118): "It is difficult to conceive of any language by which a more direct exemption could me made. * * * Under the statute of this state there is no room for such construction" (that only domestic corporations were re-

ferred to) "for the exemption is extended to a 'society,' an 'institution,' an 'association of persons' and to 'any person' as well, if engaged in the work described. It must be apparent that the legislature intended to exempt from taxation all property devoted to certain purposes, namely, property 'devoted to any charitable, benevolent, educational, or public purpose,' or any 'other like work.' The fact that the devisee or legatee might be a corporation, foreign or domestic, was an entirely indifferent matter, for the exemption was made to apply to 'societies,' 'corporations,' 'institutions,' 'association of persons' and to all 'persons.' It would seem to verge upon an absurdity to say that when the legislature used the word 'person' it meant any person, resident or non-resident, of the state, but when it used the word 'corporation' in exactly the same connection and in the same sentence, it meant only domestic corporations."

Judgment will be signed upon presentation, to the effect that the legacy under consideration is exempt from the inheritance tax.

*A. F. Judd,* for plaintiff.

*H. Irwin,* Attorney General, for defendant.