BOARD OF EDUCATION OF THE KENTUCKY ANNUAL CONFERENCE OF THE METHODIST EPISCOPAL CHURCH v. ILLINOIS.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 103.   Argued November 14, 1906.—Decided December 24, 1906.

The fact that, as construed by the highest court of that State, the exemptions in the inheritance tax law of Illinois of religious and educational institutions do not apply to corporations of other States, does not render the provisions of the law applicable to foreign religious and educational institutions void as discriminatory and counter to the equal protection clause of the Fourteenth Amendment.

It is not an unreasonable or arbitrary classification for a State to exempt from inheritance taxes only such property bequeathed for charity or educational purposes as shall be bestowed within its borders or exercised by persons or corporations under its control.

THE facts are stated in the opinion.

*Mr. Charles H. Aldrich,* with whom *Mr. Henry S. McAuley* and *Mr. Lawrence Maxwell, Jr.,* were on the brief, for plaintiff in error:

Appellant, by probating the will through which its succession is derived, appearing before the state appraiser in the inheritance tax proceeding, appealing from the action of such appraiser to the County Court of Cook County, and from its action to the Supreme Court of Illinois, brought itself within the jurisdiction of the State of Illinois, within the meaning of the Fourteenth Amendment. *Black* v. *Caldwell,* 83 Fed. Rep. 880, 885; *Christian Union* v. *Yount,* 101 U. S. 352, 356.

This is especially so as there are no rules prescribed by the laws of Illinois regarding the admission to the State of. cor-. porations *not* for pecuniary profit, and the right of such corporations to take and hold property in Illinois is fully established. *Academy* v. *Sullivan,* 116 Illinois, 375; *Christian Union* v. *Yount,* 101 U. S. 352; *Pennsylvania Co.* v. *Bauerle,* 143 Illinois, 459.

The imposition of the succession tax necessarily implies that the person whose right to succeed is so taxed is within the jurisdiction of the State. *Passenger cases,* 7 How. 283, 422; McGehee's Due Process of Law, 218; *Dewey* v. *Des-Moines,* 173 U. S. 193, 204; *Louisville* v. *Jeffersonville Ferry Co.* v. *Kentucky,* 188 U. S. 385, 396; *Union Transit Co.* v. *Kentucky,* 199 U. S. 194, 204.

The prohibitions of the Fourteenth Amendment extend to all state agencies, whether executive, legislative or judicial. *Scott* v. *McNeal,* 154 U. S. 34, 45; *Chicago &c. Ry. Co.* v. *Chicago,* 166 U. S. 226, 234; *Missouri* v. *Dockery,* 191 U. S. 165, 170; *Huntington* v. *New York,* 118 Fed. Rep. 683, 686.

An inheritance tax is not a tax upon property, but upon the privilege or right of succession to property. *United States* v. *Perkins,* 163 U. S. 625, 628; *Magoun* v. *Illinois Trust & Sav. Bank,* 170 U. S. 283.

A different rule obtains as to claimed exemptions from a general and a special tax, to which latter class the imposition in the case at bar belongs. *Eidman* v. *Martinez,* 184 U. S. 578, 583; *Catlin* v. *Trustees,* 113 N. Y. 133, 140; *Re Swift's Estate,* 137 N. Y. 77, 86; *Gurr* v. *Scudds,* 11 Exch. 190; *United States* v. *Wigglesworth,* 2 Story, 369; *United States* v. *Watts,* 1 Bond, 580.

While the respective States have plenary power to regulate the tenure of property within their respective limits, the modes of its acquisition and transfers, the rules of its descent, and the extent to which a testamentary disposition may be exercised by its owners, that power is subject to the equal rights clauses of the Constitution of the United States. *Mager* v.

*Grima,* 8 How. 490, 493; *United States* v. *Fox,* 94 U. S. 315; *Magoun* v. *Illinois Trust & Sav. Bank,* 170 U. S. 283, 292, 294; *Atchison, Topeka &c. Ry. Co.* v. *Matthews,* 174 U. S. 96, 105.

The Constitution of the United States was largely the result of the demand that there should be no discrimination between the several States in commercial regulations and rights of persons or property. *Passenger cases,* 7 How. 283, 407, 449, 492; *Crandall* v. *Nevada,* 6 Wall. 35, 43, 48; *Woodruff* v. *Parham,* 8 Wall. 123, 140, 147; *Hinson* v. *Lott,* 8 Wall. 148, 152.

This court has repeatedly denied to the States the right of discrimination in the exercise of their sovereign power of taxation. *Ward* v. *Maryland,* 12 Wall. 418, 430; *Welton* v. *State of Missouri,* 91 U. S. 275; *Tiernan* v. *Rinker,* 102 U. S. 123; *Webber* v. *Virginia,* 103 U. S. 344; *Walling* v. *Michigan,* 116 U. S. 466.

Corporations are not "citizens" within Article IV, Section 2, and the Fourteenth Amendment of the Constitution. *Blake* v. *McClung,* 172 U. S. 239, 259; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557, 561.

Corporations are "persons" within the Fourteenth Amendment. *Pembina Mining Co.* v. *Pennsylvania,* 125 U. S. 181, 189; *Home Ins. Co.* v. *New York,* 134 U. S. 594, 606; *Charlotte &c. R. R. Co.* v. *Gibbes,* 142 U. S. 386, 391; *Covington &c. Turnpike Co.* v. *Sandford,* 164 U. S. 578, 592; *Gulf &c. R. Co.* v. *Ellis,* 165 U. S. 150, 154; *Smyth* v. *Ames,* 169 U. S. 466, 522.

The right of a State to prescribe the terms and conditions upon which foreign corporations may transact business within its borders or to exclude such corporations altogether, is conceded, subject to the limitation that unconstitutional requirements cannot be made. This case is to be distinguished from the general principle, however, in that Illinois has not attempted through any agency to prescribe conditions upon which a foreign, religious or charitable corporation may succeed to property in Illinois. See *Insurance Co.* v. *Morse,* 20 Wall. 445; *Doyle* v. *Continental In. Co.,* 94 U. S. 535; *Barron*

v. *Burnside*, 121 U. S. 186; *Cable* v. *United States Life Ins. Co.*, 191 U. S. 288, 306; *Dayton Coal & Iron Co.* v. *Barton*, 183 U. S. 23; *Security Mut. Life Ins. Co.* v. *Prewitt*, 202 U. S. 246.

When the corporation or the property is within the jurisdiction of the State, it is entitled to the equal protection of the laws, and different rates of taxation, either upon property or succession to property, cannot be applied as between foreign or domestic corporations. *Philadelphia Fire Assn.* v. *New York*, 119 U. S. 110; *Erie Railway Co.* v. *State*, 2 Vroom, 531; *S. C.*, 86 Am. Dec. 226, 236; *Barbier* v. *Connolly*, 113 U. S. 27, 31; *Home Ins. Co.* v. *New York*, 134 U. S. 594, 606; *Pembina Consolidated M. Co.* v. *Pennsylvania*, 125 U. S. 181, 189; *New York* v. *Roberts*, 171 U. S. 658, 663; *Blake* v. *McClung*, 172 U. S. 239, 255; *Orient Ins. Co.* v. *Daggs*, 172 U. S. 557, 566; *Yick Wo* v. *Hopkins*, 118 U. S. 356, 369.

*Mr. Edward M. Ashcraft*, with whom *Mr. William H. Stead*, Attorney General of the State of Illinois, was on the brief, for defendant in error:

If plaintiff in error seeks to reverse the judgment below on the ground that its construction of the amendatory act of 1901 is erroneous and repugnant to the Constitution of the United States, without drawing into question the validity of the act, then there is no Federal question involved, this court is without jurisdiction and the writ of error should be dismissed. Sec. 709, Rev. Stat.; *Santa Cruz* v. *Railroad Co.*, 111 U. S. 361; *Balt. & Pot. R. R. Co.* v. *Hopkins*, 130 U. S. 210; *United States* v. *Lynch*, 137 U. S. 280; *Sage* v. *Louisiana Board of Liquidation*, 144 U. S. 647; *Morley* v. *L. S. & M. S. Ry. Co.*, 146 U. S. 162; *Marchant* v. *Pennsylvania R. R. Co.*, 153 U. S. 380; *Central Land Co.* v. *Laidley*, 159 U. S. 103; *Union National Bank* v. *Louisville &c. Ry. Co.*, 163 U. S. 325; *Turner* v. *Wilkes County*, 173 U. S. 461; *Johnson* v. *N. Y. Life Ins. Co.*, 187 U. S. 491.

If plaintiff in error seeks to reverse the judgment below

because the amendatory act of 1901, as construed by the state court, is invalid because repugnant to the Fourteenth Amendment to the Constitution of the United States, in determining the validity of the act of 1901, this court should follow the construction placed upon that act by the Supreme Court of Illinois. *Machine Co.* v. *Gage,* 100 U. S. 676; *Chicago, M. & St. P. Ry. Co.* v. *Minnesota,* 134 U. S. 418; *Missouri Pacific R. R. Co.* v. *Nebraska,* 164 U. S. 403; *Ludeling* v. *Chaffe,* 143 U. S. 301; *Morley* v. *L. S. & M. S. Ry. Co.,* 146 U. S. 162; *Illinois Central R. R. Co.* v. *Illinois,* 163 U. S. 142; *Noble* v. *Mitchell,* 164 U. S. 367; *Osborne* v. *Florida,* 164 U. S. 650; *New York State* v. *Roberts,* 171 U. S. 658; *Covington* v. *Kentucky,* 173 U. S. 231; *Turner* v. *Wilkes County,* 173 U. S. 461; *Gulf & Ship Island R. R. Co.* v. *Hewes,* 183 U. S. 66; *West. Un. Tel. Co.* v. *Gottlieb,* 190 U. S. 412.

The construction of the amendatory act of 1901 by the Supreme Court of Illinois is correct. *Catlin* v. *Trustees,* 113 N. Y. 133; *Prime's Estate,* 136 N. Y. 347; *Balleis' Estate,* 144 N. Y. 134; *Minot* v. *Winthrop,* 162 Massachusetts, 113; *Alfred University* v. *Hancock,* 46 Atl. Rep. (N. J.) 178; *United States* v. *Perkins,* 163 U. S. 625; *People* v. *Western S. F. Society,* 87 Illinois, 246; *Theological Seminary* v. *Illinois,* 188 U. S. 662.

The amendatory act of 1901, as construed by the State, is not repugnant to the Fourteenth Amendment. *Blake* v. *McClung,* 172 U. S. 239; *Kochersperger* v. *Drake,* 167 Illinois, 122; *Billings* v. *People,* 189 Illinois, 472; *S. C.,* 188 U. S. 97; *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283; *United States* v. *Perkins,* 163 U. S. 625; *Blackstone* v. *Miller,* 188 U. S. 189; *Kidd* v. *Alabama,* 188 U. S. 730; *Giozza* v. *Tiernan,* 148 U. S. 657; *Davidson* v. *New Orleans,* 96 U. S. 97; *Merchants' Bank* v. *Pennsylvania,* 167 U. S. 461; *Bells Gap Railroad* v. *Pennsylvania,* 134 U. S. 232; *United States* v. *Fox,* 94 U. S. 315; *Humphreys* v. *State,* 70 Ohio St. 67; *Central Land Co.* v. *Laidley,* 159 U. S. 103; *Marchant* v. *Pennsylvania Railroad Co.,* 153 U. S. 380; *Campbell* v. *California,* 200 U. S. 87.

If the amendatory act, as construed by the state court, is

repugnant to the Fourteenth Amendment, then the judgment
of the Supreme Court of Illinois should be affirmed.

Mr. Justice McKenna delivered the opinion of the court.

This writ of error is directed to a judgment of the Supreme
Court of the State of Illinois sustaining a tax assessed against
plaintiff in error under the inheritance tax law of that State,
passed June 15, 1895, entitled "An act to tax gifts, legacies
and inheritances in certain cases, and to provide for the col-
lection of the same." Laws of 1895, p. 301.

The facts are as follows: Fanny Speed, a citizen and resident
of Kentucky, died seized of certain real estate in the city of
Chicago. She devised a one-half interest to plaintiff in error
to be used as part of its educational fund, "to be held, in-
vested and administered" as other properties forming a part
of that fund. The will was probated in the Probate Court
of Cook County, State of Illinois. An inheritance tax of
$6,280.50 was assessed by the county judge against plaintiff
in error, based on the value of the interest devised.

Plaintiff in error was incorporated by an act of the legislature
of the State of Kentucky to form an educational fund for the
promotion of literature, education, art, morality and religion.
Its funds are held and used exclusively for such purposes and
are required to be wholly expended within the State of Ken-
tucky. It is not permitted to make dividends or distribution
of profits or assets among its members or stockholders. It
does not have or maintain an office in the State of Illinois
or engage in educational or religious work therein.

From the action of the county judge imposing the tax, plain-
tiff in error appealed to the County Court of Cook County and
assigned as grounds of appeal: (1) That by reason of its or-
ganization and the purposes of its organization, as shown by
the record, it was exempt from such tax under the act of May 10,
1901, amending the act of June 15, 1895. (2) For that the
imposition of such tax upon it (the plaintiff in error), when

corporations organized for like purposes under the laws of the State were exempt therefrom, was in conflict with the constitution of the State of Illinois, and rendered said act void as to plaintiff in error, as in conflict with the Fourteenth Amendment of the Constitution of the United States, in that it abridged the privileges and immunities of plaintiff in error, who was a citizen of the United States, and denied to it the equal protection of the laws. The County Court sustained the tax and the Supreme Court affirmed the judgment. This writ of error was then sued out.

The assignment of errors in this court, omitting the specification of error based on the constitution of the State, is the same as that in the state courts.

It is enough for our purpose to say that section one of the act of 1895, subjects to a tax all property situated within the State, which shall by will or by the intestate laws pass from any person who may die seized or possessed of the same. The act was amended in 1901 by adding thereto the following section:

"When the beneficial interest of any property or income therefrom shall pass to or for the use of any hospital, religious, educational, bible, missionary, tract, scientific, benevolent or charitable purpose, or to any trustee, bishop, or minister of any church or religious denomination, held and used exclusively for the religious, educational or charitable uses and purposes of such church or religious denomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax, but this provision shall not apply to any corporation which has the right to make dividends or distribute profits or assets among its members."

The Supreme Court decided that this amendment did not apply to "corporations created under the laws of a sister State." And also decided, as so construed, the amendment was not repugnant to the Constitution of the United States. The court said:

"A clear distinction exists between domestic corporations

and corporations organized under the laws of other States. Such corporations fall naturally into their respective classes. Over the one—that which the State has created—the State has certain powers of control, and the other is beyond its jurisdiction. Those of its own creation have been endowed with corporate powers for the purpose of subserving the interests of the State and its people; those which have been given life by the laws of a sister State have entirely different ends and objects to accomplish. The lawmaking power would find many weighty considerations authorizing the classification of foreign and domestic corporations into different classes and justifying the creation of liability on the part of foreign corporations to pay a tax on the right to take property by descent, devise or bequest, under the laws of the State, and at the same time leaving the right of a domestic corporation so to take free of any such exaction."

It will be seen by a reference to the assignment of errors that the ground of the attack by the plaintiff in error on the validity of the tax assessed against it is that the imposition of the tax upon it, while other corporations organized for like purposes under the laws of Illinois are exempt, renders the act of May 10, 1901, void, as to plaintiff in error. And, in their argument, counsel say: "It is the effect given by the Supreme Court of Illinois to this amendment (the act of 1901) that violates the rights claimed by the plaintiff in error under the Constitution of the United States." The construction of the act by the Supreme Court we must accept as determining the meaning of the act. In other words, we must regard the act as if the legislature had, in explicit language, excluded from its provisions foreign corporations. If this renders the act void plaintiff in error, whether its argument be tenable or untenable, seems to be put in the dilemma urged by the defendant in error, and an affirmance of the judgment is required. If the act of May 10, 1901, is invalid it cannot give exemption from taxation to either domestic or foreign corporations, and plaintiff in error was rightly taxed under the act of June 15, 1895.

Plaintiff in error, of course, does not desire to take exemption from domestic corporations. It desires to remove the discriminatory effect of the amendment of May 10, 1901, by including in its bounty foreign corporations. Can this be done? May a court by construction put into a law that which the legislature has left out? There is a difference between burdens and benefits, and it may well be that a law which confers the latter upon some persons, and thereby increases burdens on others, may be declared invalid by the courts. But if the courts may strike down privileges may they extend favors and make objects of bounty those whom the legislature has excluded? The questions raise important considerations, but we may pass them, because the contention that the act of 1901 is invalid encounters an insuperable obstacle in the power of the State to classify objects of legislation and discriminate between classes. This power is not unconstitutionally exercised by legislation which exempts the religious and educational institutions of the State from an inheritance tax and subjects educational and religious institutions of other States to the tax. Regarding alone the purposes of the institutions, no difference may be perceived between them, but regarding the spheres of their exercise, and the benefits derived from their exercise, a difference is conspicuous. It is this benefit that may have constituted the inducement of the legislation.

Plaintiff in error contests the classification of the act of 1901 and the conclusions deduced from it in an able argument. We do not reply to the argument in detail, because we have defined so often the principles of classification that we must regard repetition as unnecessary. An observation or two, however, may be worth while. It is contended that the exemption of the amendment of 1901 "is not limited by the decision of the Supreme Court to corporate takers or users," and that the decision, by treating the act "as a grant of privileges and immunities to corporations," ignored "the test of use found in the inquiry 'To what purpose is the beneficial

interest in the property devoted?'" and the consideration that there was no necessity for corporate agency in that connection. The result of this is, it is urged, that the court made the "power of state visitation and control" over corporations "the test of taxability or non-taxability upon the right of succession." Denying this to be the test, and contending that the test should be the use to which the property is devoted and the question of tax or freedom from tax determined thereby, and asserting that plaintiff became a person within the jurisdiction of the State by going there to take title to property there situated, and by probating the will of Mrs. Speed as evidence of such title, it is deduced that it was not competent for the State to tax the property of plaintiff in error at one rate and the property of corporations, organized under her laws, at another rate.

It must be kept in mind that the controversies in this case depend upon the power of the State over inheritances and the conditions she may put upon them in the exercise of that power. And this is prominent in the decision of the Supreme Court. In considering this power, and classification in the exercise of this power, the court took into account the greater control and direction the State had over domestic than over foreign corporations. It did not put out of view the uses of property expressed in the act of 1901 nor ignore the consideration that there was no necessity for a corporate agency to execute those uses. The case presented especially a comparison of the rights of corporations, but the decision was broad enough to consider natural persons. "In laying such a tax" (an inheritance tax), the court said, "the legislature may consider the relation which the person or corporation given the right of succession sustains to the deceased, to the property or to the State, and may regulate the amount of the tax to be required in view of such relation, and in exercising this power may lay a tax on the right of one class of persons or corporations to take, and may deem it wise to impose no tax upon the right of other classes of persons or corporations to

·take." A 'Federal court would hesitate ·indeed to ·put impediments on this power or declare invalid any classification of persons or corporations that had reasonable regard to the purposes of the State and its legislation. ·And it cannot be said ·that if a State exempts property bequeathed for charitable or educational purposes from taxation it is unreasonable or arbitrary to require the charity to be exercised or the education to be bestowed within her borders and for her people, whether exercised through persons or corporations.

*Judgment affirmed.*