This is an appeal from a judgment declaring that certain foreign corporations, to wit, Princeton University, Cheshire Public Library, and Cheshire Cemetery, all existing for nonprofit purposes, are exempt from paying an inheritance tax upon the property left to them by the will of the decedent. The facts are stipulated, and the only question is whether, under the inheritance tax law of 1915, (Stats. 1915, p. 421), such foreign corporations are exempt from the payment of the tax. That statute, subdivision 1, section 7, reads as follows:
"All property transferred to societies, corporation, and institutions now or hereafter exempted by law from taxation, or to any public corporation, or to any society, corporation, institution, or association of persons engaged in or devoted to any charitable, benevolent, educational, public, or other like work (pecuniary profit not being its object or purpose), or to any person, society, corporation, institution, or association of persons in trust for or to be devoted to any charitable, *Page 117 
benevolent, educational, or public purpose, by reason whereof any such person or corporation shall become beneficially entitled, in possession or expectancy, to any such property or to the income thereof, shall be exempt."
It is difficult to conceive of any language by which a more direct exemption could be made. Authorities are cited from other states wherein exemptions of charitable corporations have been held, under the language of the particular statute construed, to apply only to domestic charitable corporations. Our attention is not called to any law which is as broad and comprehensive in its scheme of exemption as our statute. If this statute simply read: "All property transferred to corporations and institutions now or hereafter exempted by law from taxation," it might very well be argued, as it was in the cases in question, that the exemption "law" referred to was the law of this state, and that therefore we should look to its law to determine what societies, corporations, and institutions are exempt from taxation. As there are additional provisions in the statute concerning exemptions, we are not justified in any construction of the statute which depends upon such consideration alone. Some of the cases cited are based upon the general consideration that where "corporations" are referred to in such legislation it must be inferred that the legislature was exempting such corporations only as it has jurisdiction over, namely, domestic corporations. Under the statute of this state there is no room for such construction, for the exemption is extended to a "society," and "institution," and "association of persons," and to "any person" as well, if engaged in the work described. It must be apparent that the legislature intended to exempt from taxation all property devoted to certain purposes, namely, property "devoted to any charitable, benevolent, educational, or public purpose," "or any other like work." The fact that the devisee or legatee might be a corporation, foreign or domestic, was an entirely indifferent matter, for the exemption was made to apply to "societies," "(corporations," "institutions," "association of persons," and to all "persons." It would seem to verge upon an absurdity to say that when the legislature used the word "person," it meant any person, resident or nonresident, of the state, but when it used the word "corporation" in exactly the same connection and in the same sentence, it meant *Page 118 
only domestic corporations. We are in entire accord with what was said in In re Frain, 141 La. 932, [75 So. 847], where the numerous decisions relied upon by the appellant were reviewed. The court there pointed out that the decisions holding that foreign charitable corporations were not exempt were based upon the language of the particular statute under consideration, and added: "Very true, these decisions are reinforced by considerations based on the policy of the law in granting exemptions; but their main and real basis is the text itself of the statute. And the text of the statute extends the exemptions to religious institutions in general, without qualification."
We find it unnecessary to discuss the numerous decisions of other states, in which laws more or less similar to ours are construed to mean that domestic corporations are exempt and foreign corporations taxed. Nor is it at all necessary to discuss the conceded right of a state to discriminate between foreign and domestic corporations in the imposition of the inheritance tax. (Estate of Speed, 203 U.S. 553, [51 L.Ed. 314, 27 Sup. Ct. Rep. 171].)
The judgment is affirmed.
Victor E. Shaw, J., pro tem., and Melvin, J., concurred.