No. 25,446.

L. C. MORGAN et al., Trustees of THE MARSH FOUNDATION, etc., *Plaintiffs*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Defendant*, THE STATE OF KANSAS, Intervener.

SYLLABUS BY THE COURT.

MANDAMUS—*The Constitutional Exemption from Taxation of Educational and Charitable Institutions Refers to Kansas Institutions Only—Not to Those of Another State.* The exemption from taxation of the property of educational or charitable institutions provided for in the constitution and statutes refers to educational and charitable institutions of Kansas and not to those of another state.

Originaı proceeding in mandamus. Opinion filed May 10, 1924. Writ denied.

*Silas Porter,* of Topeka, for the plaintiffs.

*William R. Smith, Owen J. Wood* and *Alfred A. Scott,* all of Topeka, for the defendant.

*Charles B. Griffith,* attorney-general, and *Donald W. Stewart,* assistant attorney-general, for the intervener.

The opinion of the court was delivered by

HOPKINS, J.: The action is one of mandamus to compel the defendant to transfer on its books certain stock now standing in the name of George H. Marsh. The plaintiffs are the trustees of the Marsh Foundation under the will of George H. Marsh, deceased, who died August 13, 1920, being at the time of his death a resident and citizen of the city of Van Wirt in Van Wirt county, Ohio. The state is an intervener. The question involved is whether a statute exempting property to or for the use of benevolent or charitable societies or institutions from the operation of the inheritance tax law applies to those that are nonresident of the state.

By the terms of his will, Mr. Marsh, after making certain individual bequests, bequeathed the remainder of his estate to trustees to be used tó establish and maintain a home and school in Van Wirt county, Ohio, for (1) the benefit of orphans and other children residents of Van Wirt county, (2) the benefit of orphans and other children residents of northwestern Ohio who, by reason of misfortune or for any other cause are denied the opportunity to secure .home training, education and instruction, and (3) the benefit, if the income and capacity of the school warrant, of such other children

as may be received into the school alone, who may not be dependent upon the foundation for a home, the Van Wirt county pupils always to be given preference in the matter of admission. It was further provided that, if the capacity of the school warrant the admission of pupils of Van Wirt, other than orphan children, the board may admit such and may also admit orphans or other children from other counties of northwestern Ohio; that if a child from any such county other than Van Wirt county, by reason of having property or friends, is able to make or secure payment to the foundation of a small amount to cover the maintenance of such child, or any part of such expense, then a charge may be exacted, otherwise the board may admit such child free of charge; that, if the capacity is greater than the needs of the various classes of children mentioned, then the board, under such terms as it thinks advisable, may admit pupils without restriction as to residence for manual or other training who are receiving their common school education in other schools, and no charge shall be exacted which exceeds the actual cost expended in behalf of such pupils, that the purpose of the foundation was not for gain or profit.

Among the assets of the estate turned over to the trustees of the Marsh Foundation were 500 shares of the common stock of the defendant company, of the par value of $100 per share. The plaintiffs have heretofore made request and demand upon the defendant to transfer such shares of stock to and in the name of the trustees of the Marsh Foundation. This the defendant has refused to do unless and until the plaintiff shall pay the inheritance tax assessed upon the transfer of such stock by the inheritance tax commission.

It is the contention of the plaintiffs that the Marsh Foundation is an educational, benevolent and charitable institution and that, therefore, all property passing to it by will is exempt from the payment of inheritance taxes. On the other hand, the state, while not denying the worthiness of the charity of the Marsh Foundation, contends that it was not the intention of the legislature to exempt foreign charitable institutions from taxation.

Section 1 of Article XI of the constitution, in part, reads:

"But all property used exclusively for state, county, municipal, literary, educational . . . purposes . . . shall be exempt from taxation."

The statute in relation to assessment and taxation of legacies and successions, provides:

"All property, corporeal or incorporeal, and any interest therein, within the

Trustees of Marsh Foundation v. Railway Co.

jurisdiction of the state, whether belonging to the inhabitants of the state or not, which shall pass by will or by the laws regulating intestate succession, or by deed, grant or gift made in contemplation of death, or made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust, except in case of a *bona fide* purchase for full consideration in money or money's worth; and except property to or for the use of literary, educational, scientific, religious, benevolent and charitable societies or institutions; *Provided,* Such use entitle the property so passing to be exempt from taxation; and except, property to or for the use of the state, a county or a municipality for public purposes, shall be taxed as herein provided." (R. S. 79-1501.)

The particular question involved here has not been decided by this court. However, a somewhat similar question was considered in the case of *The State v. Holcomb*, 85 Kan. 178, 116 Pac. 251. It was there held that the exemption from taxation of all property used exclusively for municipal purposes meant only the property of Kansas municipalities. This decision was sustained by the Supreme Court of the United States (226 U. S. 599).

A majority of the states that have adjudicated the question adhere to the view that tax exemptions to charitable or educational institutions are confined to domestic corporations. (Blackmore on Inheritance Tax, § 257; Gleason and Otis, Inheritance Taxation, 2d ed., 233.)

In 37 Cyc. 1573 it is said:

"A bequest to a foreign corporation is not exempt from payment of the legacy tax, although such corporation, by reason of its character as a charitable, religious, or educational institution, is exempt from taxation in the state of its domicile, or although domestic corporations of the same class are exempt; and it is immaterial that such corporation has been empowered by law to take and hold property in the taxing state, or that the fund provided in the bequest is to be used within the taxing state."

In 26 Ruling Case Law, 226, it is said:

"The character of legacies which are exempt depends in each case on the phrasing of the statute, but there are a few general principles which may be laid down. Thus it is agreed that the grant of an exemption will be construed strictly against one claiming the benefit of it. An exemption of gifts to literary, educational and charitable corporations will apply only to corporations established by the laws of the state imposing the tax, and will not apply to a foreign corporation even if it carries on some of its work within the state."

*In the Matter of Estate of Prime,* 136 N. Y. 347, it was held that the exemption of any religious, educational or charitable corporation or corporation organized for other than business purposes,

12—116 Kan.

from the collateral inheritance tax by chapter 553 of the Laws of 1890, extends only to domestic corporations. In the opinion it was said:

"The argument that gifts for the promotion of charity, education, and religion should be encouraged, and should not be diminished by exactions of the state, presents a moral and political, rather than a judicial question. It is the duty of courts, in the interpretation of statutes, to declare the law as it is; and the interests of society are best subserved by a close adherence by courts to what they find to be their plain meaning—neither narrowing the application on the one hand, nor extending the meaning on the other, to meet cases, not specified, which may seem to be within the reason of the law." (p. 362.)

*In re Estate of Quirk,* 257 Mo. 422, it was held that an exemption of property conveyed for some educational, charitable, or religious purpose exclusively, in a statute imposing an inheritance tax upon property in the state which shall pass by will or the intestate laws, does not extend to property conveyed to charitable institutions located in other states.

Ross on Inheritance Taxation, § 146, was quoted in the opinion, as follows:

"'It has been contended that the exemption of charitable institutions from inheritance taxation applies to all such institutions, regardless of their location within or without the state granting the exemption, for, it is argued, the exemption is in recognition of the beneficent purpose of these institutions, and, inasmuch as the purpose is common to them all, wherever located, the exemption should be universal. But the courts have not yielded to this argument. They have held, with unanimity, it is believed, that, in the absence of any language plainly indicative of a different intent, the legislature must be deemed to have made the exception for the benefit of its own institutions only, and that foreign corporations, or institutions without the state, must pay the inheritance tax, although exempt in the state of their domicile, and although some of their charitable work and enterprises are carried on within the state enforcing payment of the tax.'" (p. 434.)

In *State v. Holcomb,* supra, it was said:

"Provisions giving immunity from taxation are to be strictly construed, and anyone claiming that he should escape his share of the public burden must show a clear and express constitutional or statutory exemption. The exemption will not be sustained unless it is given by constitution or statute in clear and unambiguous language and appears to be indisputably within the legislative intention." (p. 184. See, also, *In re Estate of Speed,* 216 Ill. 23, affirmed, 203 U. S. 553; *Humphreys v. State,* 70 Ohio 67; *Carter v. Whitcomb,* 74 N. H. 482; *Minot v. Winthrop,* 162 Mass. 113; *Alfred University v. Hancock,* 69 N. J. Eq., 470; *In re Hickok's Estate,* 78 Vt. 259."

Cases holding a contrary view are, *Estate of Fiske,* 178 Cal. 116; *In re Frain,* 141 La. 931; *In re Will of Petersen,* 186 Ia. 75, and *Sage's Executors v. Commonwealth,* 196 Ky. 257.

Taxes must be raised for the support and conduct of the government. Exemption to charitable, educational and religious organizations is bottomed upon the fact that they render service to the state for which reason they are relieved of certain burdens of taxation. The effect of an exemption is equivalent to an appropriation. It cannot be said to have been the intent of the legislature to make appropriation for the benefit or maintenance of foreign charities which, at best, have a remote chance only of benefitting the citizens of this state.

The writ is denied.