[No. 20919. Department One. March 22, 1928.]

*In the Matter of the Estate of* ABSALOM V. HUNTER, *Deceased.*[1]

[1] TAXATION (228, 229)—INHERITANCE TAXES—EXEMPTIONS—CHARITABLE BEQUESTS. Under Rem. Comp. Stat., § 11218, exempting from inheritance taxes all bequests for "the relief of the aged, indigent and poor people, maintenance of sick or maimed, and the support or education of orphans or indigent children," a bequest under a will to trustees, declaring the purpose of the trust to give aid, comfort, support or assistance to aged and indigent people of whatever age, sick or maimed, and the sustenance and education of orphan or indigent children, falls within the statutory exemption from inheritance taxes.

[2] CHARITIES (3)—VALIDITY OF GIFT—CERTAINTY AS TO BENEFICIARIES. A gift for charitable purposes is sufficiently definite, where it gives the trustees power to be the "sole judges in their discretion of the institutions, projects and endeavors . . . or the individuals to be benefited," as referred to in the will.

[3] CHARITIES (7)—ADMINISTRATION OF PROPERTY OR FUNDS. The powers of a probate court cease after the settlement of an estate, and if further administration of a charitable trust be necessary, it becomes a matter for the exercise of the powers and jurisdiction of courts of equity.

[1]Reported in 265 Pac. 466.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 1, 1927, in probate proceedings, adjudging an estate to be exempt from the payment of an inheritance tax, after a hearing before the court. Affirmed.

*G. W. H. Davis* and *Robert Grass,* for appellant.

*George E. de Steiguer,* for respondent.

MITCHELL, J.—Absalom V. Hunter, a resident of Colorado, died in that state leaving a large estate, of which about $80,000 consisted of property in this state. He left a will by which one-half of his property was given to his wife. The other half was given to three trustees for the purposes of charity.

The sole question in the case presented to the courts is whether or not the bequest to the trustees of property in this state is subject to an inheritance tax under the laws of this state. The trial court held it was exempt, and the state, through its inheritance tax and escheat division of the tax commission, has appealed.

So far as it is pertinent to the present inquiry the statute, Rem. Comp. Stat., § 11218 [P. C. § 7052], provides:

"All bequests and devises of property within this state when the same are for one of the following charitable purposes, namely, the relief of the aged, indigent and poor people, maintenance of sick or maimed, the support or education of orphans or indigent children, . . . is hereby declared to be exempt from the payment of such tax."

The portions of the will that are involved are as follows: Subdivision (b) of the eleventh article:

"After the payment of all taxes, charges and expenses arising in connection with said trust, the trustees shall from time to time, but at least annually, use the net income from said trust and the property

included therein, in the aid, support, maintenance and assistance, by gift, donation or otherwise as to them may seem advisable, of then existing, established, non-sectarian, charitable institutions or projects or endeavors located in the State of Colorado, whether incorporated or unincorporated, whose objects or purposes are to give aid, comfort, support or assistance to children or aged people or indigent adults, crippled or maimed or in need thereof, or in the discretion of my trustees, directly to an individual or individuals who would be entitled to such aid under the foregoing provisions. My purpose is to have the net income from this trust expended by my said trustees at least annually in support or aid or maintenance or assistance of established agencies of charity, or directly to the individuals who would be benefited thereby, rather than to create new agencies in the same field of activity and endeavor, thus doing the greatest amount of good with said net income without duplication of expenditures and loss of results, and my trustees are hereby empowered to be the sole judges in their discretion of the institutions, projects and endeavors, above referred to, or the individuals, to be benefited by this article of my Codicil, and also of the amounts to be so given and used and the time for doing so and this power and authority shall be a continuing one, not exhausted by any one exercise thereof.''

Subdivision (c) of the same article provides for the selection of succeeding trustees and provides that they shall have power ''to organize a corporation, not for profit, for the better handling of this trust,'' if to them it seems advisable, the organization and operation of which shall ''be not in conflict with the provisions of this trust.''

Subdivision (d) of the same article says:

''This trust is to be administered free of the control and direction of and without accounting to any probate court having jurisdiction of the administration of my estate, but complete and open records and accounts concerning this trust, and its income and expenditures,

shall be kept and maintained, subject to the inspection at reasonable times of anyone interested therein.''

[1] The contention of the appellant is that the gift to the trustees for the purposes of charity is so broad and indefinite and that there is such a commingling of purposes, some of which are recognized by the statute as exempting the property from the tax with other purposes not so recognized, that the whole of it is subject to the tax.

The statute is plain. It speaks of ''relief of the aged, indigent and poor people,'' that is, those in need of aid and assistance not to be had in the ordinary way; ''maintenance of sick or maimed,'' that is, those who cannot be supported or maintained as they reasonably should be without charity; ''the support or education of orphans or indigent children,'' that is, aid and help to children who otherwise would be destitute of sustenance and mental advantages. The will is equally plain. Whether considered altogether or by its several parts the declared purpose of the trust is to give aid, comfort, support or assistance to aged people, indigent and poor people whatever their age, sick or maimed, and the sustenance and education of orphans or indigent children, each and all such who are in need.

By very clear language in the will, the benefits or charities are to flow from time to time

''. . . in the aid, support, maintenance and assistance, by gift, donation or otherwise as to them (the trustees) may seem advisable, of then existing, established, non-sectarian, charitable institutions or projects or endeavors located in the state of Colorado, whether incorporated or unincorporated, whose objects or purposes are to give aid, comfort, support or assistance''—words indicating help to the needy—''to children or aged people or indigent adults, crippled or maimed or in need thereof.''

This language will not support the state in its argument that it embraces a child or aged person, crippled or maimed or well, who has available inheritance or the usual and customary care and support. The language, together with its setting, is replete with the idea that the donor gives through trustees of his own choosing *aid, comfort, support and assistance* to the classes of persons mentioned, where they are in need thereof. He did not intend to please the fancy of the affluent nor further supply any already provided for, but his purpose was to dispense charity, and, as if to make the matter plainer if need be, the donor said to his trustees that, if their judgment and discretion was opposed to operating through the kinds or character of institutions designated, they might give "directly to an individual or individuals who *would be entitled to such aid* under the foregoing provisions."

A number of authorities are cited and relied on by counsel on both sides. However, they do not help, except in a very general way, in the decision in this case. The particular language in this will together with the statute make the law of the case. We may say, however, that in its essential features the case is decidedly different from *In re Duncan's Estate*, 113 Wash. 165, 193 Pac. 694, cited and relied on by the appellant. In that case, it was pointed out that the general trust established did not fall under the statute exempting the gift from the tax on account of the inclusion of objects and purposes at variance with the terms of the statute, and that as to a particular bequest the trustees were, by the terms of the will, given power in their discretion to merge it with the general fund intended for purposes other than the kinds mentioned in the statute. That case in no way controls the present one.

[2] Criticism is made by the appellant of the power

given to the trustees to be the "sole judges in their discretion of the institutions, projects and endeavors, above referred to, or the individuals to be benefited." But by the use of the words "above referred to," the classes are designated to be kept in mind by the trustees in exercising their discretion. The persons ultimately to be benefited in nearly all charitable uses are uncertain. Manifestly the trust in this case will continue for a considerable period of time, and if the testator, by the appointment of trustees with the power of selection vested in them, has fixed the way or means by which the ultimate beneficiaries may be chosen, as has been done in this case, the gift must be treated as sufficiently definite for judicial cognizance and it will be carried into effect. It will be assumed that the trustees will discharge their duties in accordance with the expressed intentions of the testator.

[3] Upon this feature of the case, the appellant finds some alarm over the provision of the will that the trust is to be administered free from the control and direction of, and without accounting to, the probate court having jurisdiction of the administration of the estate. That provision has no bearing whatever on the question here, in our opinion. After a probate court has performed its powers and functions in the settlement of an estate among the creditors and heirs or those who take under the will, its powers cease and thereafter the courts of equity exercise their powers and jurisdiction, whenever necessary in the administration of charitable trusts.

Affirmed.

MACKINTOSH, C. J., FRENCH, TOLMAN, and PARKER, JJ., concur.