[No. 24990. *En Banc.* June 25, 1934.]

*In the Matter of the Estate of* IDA NOYES McINTIRE, *Deceased.*

W. H. L. MARSHALL *et al., Appellants,* v. THE STATE OF WASHINGTON *et al., Respondents.*[1]

*Mulvihill & Anderson,* for appellants.

*William H. Pemberton* and *John M. Boyle, Jr.,* for respondents.

[1] Reported in 34 P. (2d) 432.

MILLARD, J.—Ida Noyes McIntire, a resident of Everett, Washington, died testate in that city June 25, 1932. Under the fifteenth clause of her will, reading as follows, she devised and bequeathed the residue of her estate to the Congregational Board of Ministerial Relief, a foreign corporation subject to the direction and control of the National Council of the Congregational Churches of the United States, in trust, to be devoted to certain charitable uses:

"All the rest, residue and remainder of my estate, of whatever nature or wherever found, I give, bequeath and devise unto the Congregational Board of Ministerial Relief, a corporation organized under the laws of the State of Connecticut in 1907, to be held by said Board as a perpetual trust for the uses and purposes and upon the terms herein set forth, to-wit:

"The said trust fund is to be known as the 'Dr. Ida McIntire Trust' with acknowledgment of credit for such gift to be given as follows: $900 thereof as coming from Lillis Sanford, formerly of Red Crossing, Snohomish County, State of Washington; $1,500 thereof as coming from Lucina N. Noyes, formerly of Everett, Washington, and the remainder thereof as coming from myself, Dr. Ida Noyes McIntire, of Everett, Washington.

"The said trustee shall sell and convert into cash at such time and upon such terms as in the judgment of the trustee shall be for the best interest of the trust estate any property passing to it under the residuary clause, and the proceeds of such sale shall become a part of said trust fund.

"The said fund is to be invested and reinvested by the said Board, and its income only shall be used to assist in the support and maintenance of aged, needy and dependent ministers of the Congregational Church in the State of Washington and their widows; it being my intention that this bequest to the Congregational Board of Ministerial Relief shall be limited for use within the State of Washington and shall be granted for the relief of only such aged, needy and dependent

ministers and their widows as may be actually resident within said state.

"The selection of the beneficiaries of said trust, subject to the limitations hereinbefore specified, shall be made by the committee on grants of the said trustee and the payments by the trustee shall be made as the needs of such persons and the income of said trust fund may warrant."

In their petition for distribution of the estate, the executors prayed for exemption of the above described bequest from inheritance tax. The trial court held that the bequest was subject to an inheritance tax. The executors have appealed.

Counsel for appellants argue that, as a charitable bequest, the same is exempt from inheritance tax under the provisions of Rem. Rev. Stat., § 11218, reading as follows:

"All gifts, bequests, devises and transfers of property situated within or under the jurisdiction of the State of Washington shall be exempt from the payment of any inheritance tax, when the same are for one of the following charitable purposes, namely, the relief of the aged, indigent and poor people, maintenance of sick or maimed, the support or education of orphans or indigent children, and all gifts, bequests, devises and transfers of property made to the State of Washington, or to any county, incorporated city or town or school district therein, or to any public park or playground within the State of Washington, whether municipal or otherwise, and all gifts, bequests, devises and transfers made to any municipal corporation within the State of Washington for eleemosynary, charitable, educational or philanthropic purposes, and all gifts, bequests, devises and transfers made to schools and colleges in the state supported in whole or in part by gifts, endowments or charity, the entire income of which said school or college, after paying the expenses thereof, is devoted to the purposes of such institution and which is open to all persons upon

equal terms, and any property in this state which has been given, devised, bequeathed or transferred for such purposes and upon which a state inheritance tax is claimed or is owing is hereby declared to be exempt from the payment of such tax: Provided, That all such gifts, bequests, devises and transfers be limited for use within the State of Washington.''

Appellants further insist that, as it was made to a religious organization organized and conducted primarily and chiefly for religious purposes, the bequest is exempt from inheritance tax under the provisions of Rem. Rev. Stat., § 11218-1, reading as follows:

''All gifts, bequests, devises and transfers made to or for the use of any religious or non-sectarian organization or association, organized and conducted primarily and chiefly for religious purposes and not for profit, where such religious or non-sectarian organization or association is supported in whole or in part by gifts, endowments or charity, and where the entire income of such religious or non-sectarian organization or association, after paying the expenses thereof, is devoted wholly to the use of such organization or association, or for the educational, benevolent, protective or social departments growing out of, or related to, the religious work of such organization or association, shall be exempt from the payment of an inheritance tax: Provided, That all such gifts, bequests, devises and transfers be limited for use within the State of Washington.''

Concededly, the trustee is a benevolent and charitable corporation, and all of the funds received by it are expended for benevolent and charitable purposes. We may also assume, for the sake of the argument, that the bequest was made to, or for the use of, a religious organization organized and conducted primarily and chiefly for religious purposes. However, as the Congregational Board of Ministerial Relief is a foreign corporation, it is not exempt from taxation

under the inheritance law of this state. The exemption provisions (Rem. Rev. Stat., §§ 11218, 11218-1) of the statute do not exempt bequests to charitable institutions or religious organizations located outside this state from an inheritance tax. The overwhelming weight of authority is, as stated in *Alfred University v. Hancock*, 69 N. J. Eq. 470, 46 Atl. 178,

" . . . that where the legislature grants exemption from such a tax to corporations or organizations, it includes in the exemption only domestic corporations and organizations."

See, also, *Morgan v. Atchison, T. & S. F. R. Co.*, 116 Kan. 175, 225 Pac. 1029, 34 A. L. R. 625; annotations at 34 A. L. R. 681; and annotations at 62 A. L. R. 338.

*In re Hunter's Estate*, 147 Wash. 216, 265 Pac. 466, is not an apt authority. In that case, which was decided prior to the 1931 amendment of §§ 11218 and 11218-1 adding thereto the proviso that all such bequests be limited for use within the state of Washington, we held that a bequest, by a will executed in Colorado by a resident of that state, of property in Washington, directing payments to Colorado charitable institutions, was exempt from inheritance tax. No question was raised or point made as to the place where the charity was to be distributed. The case is clearly, as stated in annotations at 62 A. L. R. 338, opposed to the prevailing view (see 34 A. L. R. 681) that the exemption from inheritance tax extends only to domestic corporations, and not to foreign corporations.

The statute (Rem. Rev. Stat., §§ 11218 and 11218-1) provides "that all such gifts, bequests, devises and transfers be limited for use within the state of Washington."

While the will provides that the income from the bequest shall be limited for use within this state, the be-

quest itself must go out of this state into the state of Connecticut to be used in that state by the foreign corporation to produce the income provided by the will. The statute limits the *bequest to use within the state of Washington,* hence the bequest is not exempt from an inheritance tax.

"A majority of the states that have adjudicated the question adhere to the view that tax exemptions to charitable or educational institutions are confined to domestic corporations. (Blakemore on Inheritance Taxes, § 257; Gleason & Otis, Inheritance Taxation, 2d ed., 233.)

"In 37 Cyc. 1573, it is said:

" 'A bequest to a foreign corporation is not exempt from payment of the legacy tax, although such corporation, by reason of its character as a charitable, religious, or educational institution, is exempt from taxation in the state of its domicile, or although domestic corporations of the same class are exempt; and it is immaterial that such corporation has been empowered by law to take and hold property in the taxing state, or that the fund provided in the bequest is to be used within the taxing state.'

"In 26 Ruling Case Law, 226, it is said:

" 'The character of legacies which are exempt depends in each case on the phrasing of the statute, but there are a few general principles which may be laid down. Thus it is agreed that the grant of an exemption will be construed strictly against one claiming the benefit of it. An exemption of gifts to literary, educational and charitable corporations will apply only to corporations established by the laws of the state imposing the tax, and will not apply to a foreign corporation even if it carries on some of its work within the state.'

"*In the Matter of Estate of Prime,* 136 N. Y. 347 [32 N. E. 1091, 18 L. R. A. 713], it was held that the exemption of any religious, educational or charitable corporation or corporation organized for other than business purposes, from the collateral inheritance tax by chapter 553 of the Laws of 1890, extends only to

domestic corporations. In the opinion it was said [136 N. Y. 362]:

" 'The argument that gifts for the promotion of charity, education, and religion should be encouraged, and should not be diminished by exactions of the state, presents a moral and political, rather than a judicial question. It is the duty of courts, in the interpretation of statutes, to declare the law as it is; and the interests of society are best subserved by a close adherence by courts to what they find to be their plain meaning— neither narrowing the application on the one hand, nor extending the meaning on the other, to meet cases, not specified, which may seem to be within the reason of the law.' (p. 362.)

"*In re Estate of Quirk*, 257 Mo. 422 [51 L. R. A. (N. S.) 817, 165 S. W. 1062], it was held that an exemption of property conveyed for some educational, charitable, or religious purpose exclusively, in a statute imposing an inheritance tax upon property in the state which shall pass by will or the intestate laws, does not extend to property conveyed to charitable institutions located in other states.

"Ross on Inheritance Taxation, § 146, was quoted in the opinion, as follows:

" 'It has been contended that the exemption of charitable institutions from inheritance taxation applies to such institutions, regardless of their location within or without the state granting the exemption, for, it is argued, the exemption is in recognition of the beneficent purpose of these institutions, and, inasmuch as the purpose is common to them all, wherever located, the exemption should be universal. But the courts have not yielded to this argument. They have held, with unanimity, it is believed, that, in the absence of any language plainly indicative of a different intent, the legislature must be deemed to have made the exception for the benefit of its own institutions only, and that foreign corporations, or institutions without the state, must pay the inheritance tax, although exempt in the state of their domicile, and although some of their charitable work and enterprise are carried on within the state enforcing payment of the tax.' (p. 434.)

"In *State v. Holcomb, supra* [85 Kan. 178, 116 Pac. 251] it was said:

" 'Provisions giving immunity from taxation are to be strictly construed, and anyone claiming that he should escape his share of the public burden must show a clear and express constitutional or statutory exemption. The exemption will not be sustained unless it is given by constitution or statute in clear and unambiguous language and appears to be indisputably within the legislative intention.' (p. 184.) See, also, *In re Estate of Speed,* 216 Ill. 23 [108 Am. St. Rep. 189, 74 N. E. 809] affirmed, 203 U. S. 553 [51 L. ed. 314, 27 Sup. Ct. Rep. 171, 8 Ann. Cas. 137]; *Humphreys v. State,* 70 Ohio 67 [65 L. R. A. 776, 101 Am. St. Rep. 888, 70 N. E. 957, 1 Ann. Cas. 233]; *Carter v. Whitcomb,* 74 N. H. 482 [17 L. R. A. (N. S.) 733, 69 Atl. 779]; *Minot v. Winthrop,* 162 Mass. 113 [26 L. R. A. 259, 38 N. E. 512]; *Alfred University v. Hancock,* 69 N. J. Eq. 470 [46 Atl. 178]; *In re Hickok's Estate,* 78 Vt. 259 [62 Atl. 724, 6 Ann. Cas. 578].

"Cases holding a contrary view are *Estate of Fiske,* 178 Cal. 116 [172 Pac. 390]; *In re Frain,* 141 La. 931 [75 So. 847]; *In re. Will of Peterson,* 186 Iowa 75 [172 N. W. 206]; and *Sage's Executors v. Commonwealth,* 196 Ky. 257 [244 S. W. 779].

"Taxes must be raised for the support and conduct of the government. Exemption to charitable, educational and religious organizations is bottomed upon the fact that they render service to the state for which reason they are relieved of certain burdens of taxation. The effect of an exemption is equivalent to an appropriation. It cannot be said to have been the intent of the legislature to make appropriation for the benefit or maintenance of foreign charities, which, at best, have a remote chance only of benefiting the citizens of this state." *Morgan v. Atchison, T. & S. F. R. Co.,* 116 Kan. 175, 225 Pac. 1029, 34 A. L. R. 625.

The judgment is affirmed.

BEALS, C. J., HOLCOMB, STEINERT, MAIN, and BLAKE, JJ., concur.

MITCHELL, J. (dissenting)—I dissent. The final and concluding language of the statute exempting charitable bequests from inheritance taxes is:

"Provided that all such gifts, bequests, devises and transfers *be limited for use within the state of Washington.*"

If the bequest in this case was to "the Congregational Board of Ministerial Relief, a corporation organized under the laws of the state of Connecticut in 1907," without limitation or qualification, the majority opinion would be correct, but the will provides that the bequest shall constitute a "trust for the uses and purposes and upon the terms herein set forth, to-wit:

"The said fund is to be invested and reinvested by the said Board, and its income only shall be used to assist in the support and maintenance of aged, needy and dependent ministers of the Congregational Church in the State of Washington and their widows; it being my intention that this bequest to the Congregational Board of Ministerial Relief shall be limited for use within the State of Washington and shall be granted for the relief of only such aged, needy and dependent ministers and their widows as may be actually resident within said state."

It cannot be said that the gift was for the benefit or maintenance of a foreign charity, or to be used even partly in its jurisdiction, but through such charity for use only in this state. This limitation distinguishes this case from the authorities cited in the majority opinion, as I understand them, and brings it within the terms of our statute.

TOLMAN and GERAGHTY, JJ., concur with MITCHELL, J.