

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7040

Re: (1) Whether a sum paid out
in compromise of a will
contest is taxable to the
beneficiaries under the
will; and (2) Whether a
bequest to the Presbyterian
Church of the United States
is exempt from the payment
of inheritance taxes.

From your letters of request for opinion concerning the
Estate of Mrs. F. A. Manley, Deceased, and various instruments
furnished by you, we state the following facts:

Mrs. F. A. Manley died on June 30, 1944, leaving an es-
tate of approximately $64,668.04. Her will made certain bequests
of personal property to several named persons, and contained this
provision disposing of the residue of her estate:

"It is my will and desire that all of my property,
both real and personal, I may die seized and possessed of,
except that disposed of in the preceding paragraph, after
the payment of all my just debts, together with all of the
expenses incident to the probating of this will, shall
pass to and vest in fee simple in equal shares in the
Ministers' Annuity Fund of the Presbyterian Church in the
United States (commonly known as the Southern Presbyterian
Church) and the Presbyterian Church in the United States
(commonly known as the Southern Presbyterian Church); and
after the payment of all my just debts, I give, bequeath,
and devise to the aforesaid Ministers' Annuity Fund of the
Presbyterian Church in the United States (commonly known
as the Southern Presbyterian Church) and the Presbyterian
Church in the United States (commonly known as the Southern
Presbyterian Church) in equal shares, the remainder of all

Honorable George H. Sheppard - Page 2

the property I may own or be interested in at the time of my death, in fee simple, to manage, sell or dispose of as they may see proper."

A contest of the will was made by seven nieces and nephews. On June 7, 1945, the Judge of the County Court at Law of Dallas County entered an order directing the temporary administrator of the estate to pay the contestants the sum of $7,000. This order reads in part as follows:

"On this day. . . coming on to be heard the application of the Temporary Administrator of this Estate for approval of a proposition to settle the contest brought against the probate of this will by certain contestants . . .; and it appearing to the Court that all the parties at interest have agreed to the proposed settlement; and that it is to the advantage of the beneficiaries of said will . . . represented herein also by special counsel, and that said proposed settlement is a reasonable, just, and business like disposition of what may be a dangerous, long and expensive litigation, it is therefore ordered that the proposition to settle said contest by the payment of $7,000.00 to the contestants, be and hereby is approved; and the Temporary Administrator is hereby ordered and authorized to pay said amount. . ."

After this compromise, the will was admitted to probate. In preparing the inheritance tax report, the executor has taken the position that the $7,000, being $1,000 to each of the contestants, should be set up as their distributive share of the estate and taxed to them. Since each of the contestants would have an exemption in excess of $1,000, this would result in no tax from them for any part of the $7,000.

For a statement of the facts regarding the second question, we quote the following from the letter of J. W. McMillin, your Inheritance Tax Auditor:

"The second question arises as to the taxability of the portion of the Estate which was willed to the Presbyterian Church of the United States. The executor, in preparing the inheritance tax report, showed this bequest as taxable and with an exemption of only $500.00. The Representatives of the Estate now contend that this was in error and the entire amount is non-taxable as going to a religious organization and is to be used in Texas.

Honorable George H. Sheppard - Page 3

"The Presbyterian Church is organized along the following line:  The local churches in a certain section are organized into Presbyteries.  A number of Presbyteries constitute a synod.  The governing body of the Church is called the General Assembly and is made up of representatives from the various Presbyteries.  The General Assembly meets annually and at these meetings passes orders, resolutions etc. and direct how the business of the Church is to be conducted.  These directives are for the guidance of various Boards created by the General Assembly and through which the business of the church is carried on.

"The General Assembly is an incorporated body under the laws of North Carolina.  The General Assembly has created a Board of Trustees whose office is located at Charlotte, North Carolina.  When bequests or donations of property are received by the Church, the usual procedure is for the Board of Trustees to take charge of handling this property.  The income or other Proceeds from these properties are distributed by the Trustees in accordance with directives from the General Assembly.  In case of property bequeathed or donated for a specific purpose, it is handled in accordance with the terms of such bequest or donation.  When property is received by bequest or donation and no specific purpose is indicated, the property is used for any purpose which the General Assembly may think proper. It can be specific directive order funds which it has on hand used for a specific purpose or in a specific area.  In the instant case, the General Assembly by resolution directed that 1/2 of the Mrs. F. A. Manley Estate be used in Texas.  The Treasurer of the Church advises me that the Church spends approximately $13,000.00 per year in Texas and that 1/2 of the funds derived from this estate will, under the directive mentioned, be used in Texas.

"The General Headquarters of the Presbyterian Church of the United States is located at 1120 Liberty Bank Building, Dallas, Texas and has been located in Dallas since 1922.

"I declined to allow the 1/2 of the estate going to the Presbyterian Church of the United States as exempt. It is apparent from the Will and from the manner of organization of this Church, that these funds could be used for any purpose and at any place that the General Assembly should direct.  In other words, its use was in

180

Honorable George H. Sheppard - Page 4

no sense limited to Texas.  It appears to me that the
real question presented is whether the resolution passed
by the General Assembly after decedent's death to the
effect that 1/2 of this estate was to be used in Texas
would change the general rule and make this bequest exempt.
In this connection, I call your attention to Attorney
General's Opinion #0-2816.  This opinion calls attention
to the case of San Jacinto National Bank vs. Sheppard,
125 S. W. (2d) 715, in which the Court stated as follows:

'Nor did the Will of Milroy require the funds
derived from his devise to be used in Texas.
Clearly under the Charter and said Will, the
beneficiary corporation could have used the
devise anywhere the directors, thereof, should
determine in their meetings in Ohio.'

It appears from the Attorney General's ruling that their
position is that the Will itself must limit the use of
the property involved to the State of Texas.  This would
seem to be especially true when the property is willed
to an organization which by its very nature expends its
funds over a large area and of which the State of Texas
is only a part.  As pointed out in the Attorney General's
Opinion if an agreement after death of the decedent was
permitted to change the taxable status of a bequest then
there would seem to be no reason why other taxable bene-
ficiaries would not be entitled to so contract.  A bequest
to a non-relative might by this procedure become taxable
to a person with a higher exemption and escape tax
altogether."

Your first question has been passed upon and settled by
Crane V. Mann, 162 S.W. (2) 117, (writ of error refused).  In that
case there was a will contest, and the will was admitted to pro-
bate by an agreed judgment of the Probate Court which incorporated
in it the settlement agreement reached between the parties.  Appellant,
who was the person named in the will to receive all of decedent's
property, contended that only the sum of $98,484.82 passed to her
and that she owed taxes to the State on this amount, and that she
owed no taxes on the balance of the estate which was given to the
contestant in compromise of the contest.  The court reviewed the
authorities and held that the entire estate was taxable to appellant.
The rationale of the opinion is as follows:

"It is our view that she did receive all the property
by the terms of the will.  The court could not alter the
will and the fact that she gave up a part of the property
to make good her title to the balance did not alter it."

Honorable George H. Sheppard - Page 5


Of the contention that the amount received by the son, who was the contestant, was not received from appellant but was received from the father's estate by virtue of the laws of descent and distribution since his right to maintain the contest was derived solely from his status as an heir of the testator, the court said:

". . . Regardless of the agreement which brought it about, the fact remains that the will of the decedent was probated and by the terms of it appellant received all of the estate. Without probating of the will she would have got no part of the estate. By agreeing for the contestant to take a part of the estate which the will gave to her, she purchased her peace and thereby secured unquestioned title to the balance. It is true that the son was able to maintain the contest because of his heirship, and so in a sense being an heir did enable him to get a portion of the estate. But appellant did not consent for him to share the estate because he was an heir but only because he was a contestant of the will which gave all of the estate to her. There is nothing to indicate that the son would have gotten anything if he had not contested the will, or that other children of the decedent, if he had left any, would have shared in the compromise settlement had they not been parties to the contest. Both the appellant and the probate court dealt with the son, not as an heir merely, but as a contestant of the will."

A closely analogous situation was reviewed by this department in Opinion No. O-6035, a copy of which is enclosed herewith, and it was held that the attorney's fees in question should not be deducted before computing the tax.

In answer to your first question, it is our opinion that the $7,000 paid out in compromise of the will contest is taxable to the two beneficiaries under the will.

We pass now to a consideration of your second question, which arises under that portion of Article 7122 which reads as follows:

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States or any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State." (Emphasis supplied)

Honorable George H. Sheppard - Page 6

The majority of decisions from other jurisdictions, under similar statutes, do not allow exemptions from the payment of an inheritance tax to a foreign religious, charitable or educational corporation, even if it carries on some of its work within the state. The reasons for such rule have been stated variously as follows:

"Taxes must be raised for the support and conduct of the government. Exemption to charitable, educational, and religious organizations is bottomed upon the fact that they render service to the state, for which reasons they are relieved of certain burdens of taxation. The effect of an exemption is equivalent to an appropriation. It cannot be said to have been the intent of the legislature to make appropriations for the benefit or maintenance of foreign charities, which, at best, have a remote chance only to benefit the citizens of this state." Morgan v. A. T. & S. F. Ry. Co., 116 Kan. 175, 225 P. 1029, 34 A. L. R. 625.

"While we may assume that the California corporation would faithfully execute the provisions of the will in the use of the property, yet the state would have no visitorial power enabling it to enforce compliance. True, the corporation is registered in the state and permitted to do business therein, but it is not compelled to remain in the state." In re Thomas's Estate, 185 Wash. 113, 53 P(2) 305.

"It is the policy of society to encourage benevolence and charity. But it is not the proper function of a state to go outside its own limits, and devote its resources to support the cause of religion, education, or missions for the benefit of mankind at large." Humphreys v. State, 70 Ohio St. Rep. 67, 70 N.E. 957, 65 L.R.A. 776.

These rules have been cited with approval by the Court of Civil Appeals in San Jacinto National Bank v. Sheppard, 125 SW(2) 719. Although that case was controlled by statutes as they existed in 1931 (at which time Article 7122 provided for an exemption "if passing to a religious, . . . organization located within this State and the bequest is to be used within this State") and the statutes have been amended since to remove the limitation of location of the organization, the observation of the court on the limitation of use within this State, as quoted by you in your request, is the only expression by the courts of this State on the matter. It is probable that the courts will follow this view in construing the present Article 7122.

Honorable George H. Sheppard - Page 7

In accordance with this expression, we feel that a bequest is made exempt under Article 7122 only when the bequest is specifically required by the terms of the will to be used in this State or when the powers of the beneficiary are limited in such a manner that it cannot legally make use of the bequest outside of this State. The amendments of Article 7122 in 1931 and 1933, removing the requirement that the corporate beneficiary be "located" in this State indicate a clear legislative intent to put foreign and domestic corporations of this type on the same footing if the bequest is required to be used within this State.

Mrs. Manley's will bequeathed and devised to the Presbyterian Church of the United States one half of her property "in fee simple, to manage, sell or dispose of as they may see proper", and without any limitation as to place of its use. As stated by your Inheritance Tax Auditor, the affairs of the Church are conducted by and under the supervision and control of the General Assembly, which is incorporated under the laws of North Carolina. The General Assembly is the actual recipient of the property. Hence, the property has been received by the foreign corporation, and the essential control of its disposition is in that corporation over which this State has no visitorial power or supervision. The General Assembly, in the administration of the business of the Church which, by its very nature, extends over a large area of which the State of Texas is only a part, must expend its funds over such large area. The area is not, by the terms of the will itself, restricted in any way. Under all of the rules stated above, this bequest is without the exemption contained in Article 7122 and is subject to the inheritance tax.

We are returning herewith your file on this case.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Arthur L. Moller
Assistant

ALM:ms

Enclosures

APPROVED JAN 30 1946
FIRST ASSISTANT ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN