**SAN JACINTO NAT. BANK v. SHEPPARD, Comptroller, et al.**

No. 8746.

Court of Civil Appeals of Texas. Austin.

Nov. 9, 1938.

Rehearing Denied March 8, 1939.

716

Leonard J. Garver, Jr., of Cincinnati, Ohio, and W. A. Keeling and Charles N. Avery, Jr., both of Austin, for appellant.

Wm. McCraw, Atty. Gen., and John J. McKay, Asst. Atty. Gen., for appellees.

BAUGH, Justice.

This suit was brought, under permission to do so granted by the Legislature, by appellant, executor and trustee of the estate of A. D. Milroy, deceased, against the State Comptroller and State Treasurer of Texas (hereinafter for convenience designated as the State) to recover $12,902.51 theretofore paid as inheritance taxes on the estate of Milroy. Trial was to the court without a jury and judgment rendered that appellant take nothing; hence this appeal.

The material facts are not controverted. A. D. Milroy, a citizen of Texas, died testate on November 8, 1931. By will he devised one-half of his estate, all located in Texas, to the Christian Restoration Association, a foreign non-profit corporation, chartered under the laws of Ohio for religious, benevolent, and educational purposes. The State claimed and collected the amount sued for as inheritance taxes due from said estate under the provisions of Art. 7122, R.S., as amended by Acts 42nd Leg., Reg.Ses., Ch. 72, p. 109.

Arts. 7117 to 7122, R.S., levy inheritance taxes, fix rates thereof, prescribe the classes subject thereto, and provide certain exemptions. Art. 7119, prior to amendment thereof in 1931, provided an exemption of property valued at less than $25,000, if devised to a religious, educational, or charitable organization "located within this State," and to be used within this State, and taxes estates so passing in excess of that value. Art. 7122, as amended in 1931, applicable to estates, provides that "If passing to or for the use of any other person [than those named in the preceding articles] within or without this State or to any religious, educational or charitable organization or institution located without the State of Texas, or to any religious, educational or charitable organization or institution located in the State of Texas or to the United States, and the bequest, devise or gift is to be used without this State * * *" then the tax so levied is fixed to begin at 5% on properties in excess of $500 value, and graduated thereafter according to value up to 20% on any value in excess of one million dollars.

The first argument made by appellant is that the beneficiary corporation is "located" in Texas within the meaning of the statute above quoted. This argument is based on the testimony that said organization had some three or four representatives in Texas doing religious work, and furthering generally the purposes of the organization. It did not, however, have any churches or schools in the State. On the other hand, it was chartered under the laws of Ohio, the second section of its charter providing,—"Said corporation is to be *located* at Cincinnati, Hamilton County, Ohio, and its principal business there transacted." (Italics ours.) Nowhere in its charter was anything required to be done in Texas. Nor did the will of Milroy require the funds derived from his devise to it to be used in Texas. Clearly under the charter and said will the beneficiary corporation could have used the devise anywhere the directors thereof should determine in their meetings in Ohio.

It is clear, we think, that the term "located" as used in the statute was used by the Legislature in the sense of domicile or residence of such corporation; and not only to distinguish, generally, a foreign from a domestic corporation, but to require that even a domestic corporation, in order to claim a more favorable exemption, must use the devise or gift within the State. Manifestly the Christian Restoration Association was not subject to control of the Legislature of Texas so far as its corporate existence and the transaction of its principal business, or the use of its properties, were concerned. Its domicile was in Ohio, and consequently it was in legal contemplation "located" there. Thompson on Corporations, 3rd Ed., Vol. 1, § 212, p. 254, and § 568, p. 801.

The contention is also made that Art. 7122, R.S., is violative of Art. 8, § 1, of the State Constitution, Vernon's Ann. St., providing that "taxation shall be equal and uniform." It is long since settled, however, that this provision does not prevent the making of reasonable classifications of persons and property for purposes of taxation; and its requirements are met

when the tax is equal and uniform as applied in the same class. The constitutionality of this particular article of the statute was expressly upheld by the Supreme Court in State v. Hogg, 123 Tex. 568, 70 S.W.2d 699, 72 S.W.2d 593, and need not be further considered here.

The contention is also made that said statute is violative of Sec. 2, Art. 4, of the United States Constitution, U.S.C.A., guaranteeing to the citizens of each state the same privileges and immunities as the citizens of other states, in that the statute taxes a foreign corporation more onerously than it does the same character of domestic corporation. It has been expressly held that the term "citizen" as used in that section applies "only to natural persons, members of the body politic, owing allegiance to the State, not to artificial persons created by the Legislature, and possessing only the attributes which the Legislature has prescribed." Paul v. Virginia, 75 U.S. 168, 177, 8 Wall. 168, 19 L.Ed. 357. Appellant also relies on the case of Travis v. Yale & Town Mfg. Co., 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460, involving an income tax of the State of New York, wherein it was held that such law discriminated between residents and non-residents of the State of New York, which act made no distinction between natural citizens and corporations. However that may be, as between charitable corporations, the majority rule is that where a state law grants an exemption in inheritance tax statutes to domestic charitable corporations, using devises or gifts within the state, and denies such exemptions to such foreign corporation, not subject to the laws of the state levying the tax, it is not invalid for that reason. Such exemption only of domestic corporations is sustained for the reason that in such case the state can exercise its power of visitation and control only over domestic corporations. As held by the Supreme Court of Ohio, the state of the domicile of the beneficiary corporation herein, "It is the policy of society to encourage benevolence and charity. But it is not the proper function of a state to go outside its own limits, and devote its resources to support the cause of religion, education, or missions for the benefit of mankind at large." See Humphreys v. State, 70 Ohio St. 67, 70 N.E. 957, 961, 65 L.R.A. 776, 101 Am.St.Rep. 888, 1 Ann. Cas. 233; People of Illinois v. Jessamine Withers Home, 312 Ill. 136, 143 N.E. 414, 34 A.L.R. 628, and annotations thereunder at page 681, et seq. Subsequent· annotations also appear, on this subject, in 62 A. L.R. 337, and 108 A.L.R. 300. See, also, 26 R.C.L., § 197, p. 227; and 61 C.J., § 2529, p. 1679.

This rule is not without exception, and appellant cites us particularly to the case of Smith v. Loughman, 245 N.Y. 486, 157 N.E. 753. Regardless of that case, however, the Supreme Court of the United States in Board of Education v. Illinois, 203 U.S. 553, 27 S.Ct. 171, 173, 51 L.Ed. 314, 8 Ann.Cas. 157, affirmed the holding of the Supreme Court of Illinois grounded on the proposition that the State had the power in levying such tax to grant exemptions to such domestic corporations, over which it had control, without granting same to foreign corporations over which it had no control, and that in doing so there was a reasonable classification for purposes of taxation, and not a discrimination within the meaning of the Federal Constitution. In that case the court used the following language with reference to the power of the State to make such classifications for purposes of taxation: "This power is not unconstitutionally exercised by legislation which exempts the religious and educational institutions of the state from an inheritance tax and subjects educational and religious institutions of other states to the tax. Regarding alone the purposes of the institutions, no difference may be perceived between them, but regarding the spheres of their exercise, and the benefits derived from their exercise, a difference is conspicuous."

It follows, therefore, that under the statutes and the power of the State to make such classification, the tax collected was properly exacted in the instant case. And under this conclusion, the question of whether it was paid voluntarily, or under protest, becomes immaterial. The judgment of the trial court is consequently affirmed.

Affirmed.