**PRESBYTERIAN CHURCH IN UNITED STATES et al. v. SHEPPARD, State Comptroller, et al.**

**No. 9597.**

Court of Civil Appeals of Texas. Austin.

Nov. 13, 1946.

Rehearing Denied Dec. 11, 1946.

Thompson, Knight, Harris, Wright & Weisberg and William Rembert, all of Dallas, for appellants.

Grover Sellers, Atty. Gen., and W. V. Geppert and Arthur L. Moller, Asst. Attys. Gen., for appellees.

BLAIR, Justice.

Appellants, Presbyterian Church in the United States, devisee under the will of Mrs. F. A. Manley, deceased; the Rev. E. C. Scott, State Clerk and Treasurer of said Church, as trustee of said devise; and Republic National Bank of Dallas, as administrator of the estate of Mrs. F. A. Manley, sued appellees, George H. Sheppard, State Comptroller; Jesse James, State Treasurer; and Grover Sellers, Attorney General of Texas, to recover the sum of $2,608.80 paid under protest by the appellant Church to the State of Texas as the inheritance or succession tax on the devise or bequest, under Art. 7122, as amended. The trial on stipulation of facts and issues resulted in judgment for appellees; hence this appeal.

The sole controversy in the case involves the proper construction of the exemption clause of Art. 7122, the material portion of which reads:

"Class E.—Foreign bequest. If passing to or for the use of the United States, to or for the use of any other person or religious, educational or charitable organization * * * the tax shall be * * * provided, however, that this Article shall not apply on property passing to or for the use of the United States or any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State."

The stipulation of facts material here reads:

"2. Mrs. F. A. Manley, testatrix herein, died June 30, 1944. By her will she bequeathed one-half of her estate (which is the part involved in this lawsuit) to the Presbyterian Church in the United States, one of the plaintiffs herein. No limitation as to use was expressed in said will. The Presbyterian Church in the United States (commonly known as Southern Presbyterian Church) is a religious organization operating in many states and in foreign countries, although most of its churches are in the southern part of the United States, and many of them in Texas. Therefore, at the time of the death of Mrs. Manley, there was no inhibition or limitation of any kind to the use of said bequest by said Church within the State of Texas, and

it was free to use said bequest anywhere that it chose. In this connection, it is further stipulated that the General Assembly is the governing body of said Church; that the General Assembly is incorporated under the laws of North Carolina; and that its only permanent office is the office of its Treasurer and State Clerk, which is located in Dallas, Texas.

"3. It is stipulated that subsequent to the death of Mrs. Manley, but prior to the due date of the inheritance tax involved herein and prior to the assessment of such tax by the State of Texas, said Church, by and through its proper officials, satisfied the State of Texas and its proper officials that the proper governing authority of said Church has legally obligated itself and said Church (by action taken subsequent to the death of the testatrix, Mrs. Manley) to use said bequest in its entirety (principal and interest) within the State of Texas, for religious purposes, and the parties now stipulate that said Church will in fact so use said bequest."

The trial court construed the quoted portion of Art. 7122 as providing for an exemption from the payment of the inheritance tax imposed only when the devise or bequest is specifically required by the terms of the will to be used in this State, or when the powers of the devisee or beneficiary are limited in such manner that it cannot legally make use of the devise or bequest outside of this State. After the amendment of Art. 7122 in 1933, to read in its present form, four opinions of the Attorney General of this State have so construed the statute, and it has been accordingly so enforced by the State Comptroller. Prior to these opinions this court in 1937 had so construed the statute, holding under entirely analogous facts and circumstances, that:

"Nowhere in its charter was anything required to be done in Texas. Nor did the will of Milroy require the funds derived from his devise to it to be used in Texas. Clearly under the charter and said will the beneficiary corporation could have used the devise anywhere the directors thereof should determine in their meetings in Ohio." San Jacinto Nat. Bank v. Sheppard, Tex.Civ.App., 125 S.W.2d 715, 716.

■ The manifest purpose of the statute is to exempt a devise or bequest passing under a will from the payment of the tax imposed only when such devise or bequest is to be used in this State. The statute specifically so provides. San Jacinto Nat. Bank v. Sheppard, supra. The statute provides no form or method whereby the testatrix might devise or bequeath her property so as to require that the same be used in this State. The ordinary rules for the construction of wills to ascertain her intention in that respect must be looked to.

■■ By her will Mrs. Manley devised or bequeathed one-half of her property to the Presbyterian Church in the United States "in fee simple, to manage, sell or dispose of as they may see proper." Art. 3314, R.S.1925, provides that when a person dies, leaving a lawful will, all his estate shall immediately vest in the devisees or legatees. For purposes of the taxing act in question, the fee simple title to the devise or bequest vested in appellant Church immediately upon the death of Mrs. Manley. State v. Hogg, 123 Tex. 568, 72 S.W.2d 593; Walker v. Mann, Tex. Civ.App., 143 S.W.2d 152. Under the provision of her will, the devisee Church could do with the property as it saw fit, and could use it in Texas, or for the support of the Church in any of the United States where it operates, or for the support of its missionaries in foreign countries. Such were the powers given by the express language and terms of the will to the devisee Church. The will contained no language limiting or directing that the devisee Church use the property in Texas only, and under no rule of construction can the will be construed as showing the intention of testatrix to require that the property be used only in Texas. Her intention as expressed in the will is that the Church might use the property anywhere and in any manner it might see fit and prefer. Thus the property passed to appellant Church upon the death of testatrix without limitation, restriction or res-

ervation as to where or in what manner it was to be used. It is this character of succession or passing of property to a religious organization that the foregoing statute expressly seeks to tax.

■ The fact that the governing authorities of appellant Church met and by proper procedure agreed to use the devise or bequest only in Texas is not material. Such agreement or obligation is diametrically opposed to the provision of Mrs. Manley's will. The language of the will, "in fee simple, to manage, sell or dispose of as they may see proper," clearly negatives any intention or thought that the use of the devise or bequest should be limited to Texas. If Mrs. Manley had intended or desired that the devise or bequest to appellant Church be used only in Texas, she could have easily expressed that intention or desire by appropriate language in the will. Not having done so the court would not be authorized to write such limitation of the use of the property in her will, but must construe her will as showing her intention and desire to give appellant Church a much broader use of the property. Under the will the Church could use the property anywhere it might choose, and there is no legal restraint on its use outside the State.

Nor is the fact that the parties have stipulated that the appellant Church has promised and will use the property in Texas material to a proper construction of the statute. The Legislature has provided no form or method by which the taxing authorities might ascertain whether a larger or lesser use may be made of the property by the devisee or legatee in order to secure or create an exemption from the payment of the tax imposed by the statute.

In Cleveland Trust Co. v. Tax Commission of Ohio, 33 Ohio App. 323, 169 N.E. 579, 580, where the bequest was left to the discretion of trustees to do with it as they saw fit for charitable purposes, the court held:

"It is urged in this case that * * * if the trustees should undertake to divert this fund to any other use, they could be enjoined. That may or may not be so, but it is aside from the purpose. The question whether this fund is subject to an inheritance tax must be disposed of as of the time of the devolution of the estate— that is, at the death of the testator—and in accordance with the use of the words in the instrument which creates the trust. If the taxes are payable, then they should be collectible. The power of diverting the money to some other use is a matter which should not be taken into consideration by the courts at this state of the proceedings, and has no effect upon the assessment of the inheritance tax * * *."

In Re Thomas' Estate, 185 Wash. 113, 53 P.2d 305, where the bequest was to the Salvation Army of Spokane, where it had an office, but was subject to the control of the Salvation Army, a California corporation, the court denied an exemption similar to the one provided by Art. 7122, holding that [185 Wash. 113, 53 P.2d 307]:

"* * * here the bequest is to be used by, and presumably remain in the control of, the local branch of the California corporation. But this would follow only if the California corporation chose to leave the property here. The decree of distribution sets over to the respondent dominion over the property covered by the bequest, 'as is provided in said paragraph ten of the deceased's will.' Assuming that the final proviso refers to the use of the property in this state, the use would be dependent upon the will of the corporation. We must resolve the question of law involved upon the principle—by considering what it would be in the power of the corporation to do rather than what it may be disposed to do. While we may assume that the California corporation would faithfully execute the provisions of the will in the use of the property, yet the state would have no visitorial power enabling it to enforce compliance. True, the corporation is registered in the state and permitted to do business therein, but it is not compelled to remain in the state. The testimony taken at the proceeding shows that the local branch officers of the Salvation Army have but limited discretion as agents of the corporation. The essential control is in the officers at the Salvation Army headquarters in California."

In the case of Humphreys v. State, 70 Ohio St. 67, 70 N.E. 957, 959, 65 L.R.A. 776, 101 Am.St.Rep. 888, 1 Ann.Cas. 233, wherein the provisions of the will of Mrs. Brown were similar to the provisions of testatrix's will in the instant case, the court held:

"The will of Mrs. Brown, who was a resident of Cincinnati, gave no directions to her executor or her legatees as to the place where the money should be expended, nor does it undertake to control the time or place of the expenditure. Once in the possession of these institutions, it may be disbursed as they deem proper, and all of it may be disbursed in communities beyond our borders. So we do not find that we are adopting a narrow construction of our statute if it appears that it undertakes to tax the right of the foreign, though charitable, institutions, to receive and so absolutely control the disposition of property owned by the testatrix in this state * * *."

To sustain the contention of appellant Church that it may by affidavit make proof of its intended use of the de-vise so as to create an exemption from payment of the tax, would make the basis for levying the tax depend upon variable, unknown, and unknowable factors at the time the tax is levied, the date of the death of testatrix. If such were the rule, the basis for the levy of the tax would not be easy or accurate of determination, and many loopholes for diminishing the tax would be afforded. This, together with the fact that all incidents of the tax are affixed as of the date of the death of testatrix, clearly evidence the legislative intent to require that the limitation of use of a devise in this State should be expressed in the will. See Norris v. Commissioner of Internal Revenue, 7 Cir., 134 F. 2d 796, 149 A.L.R. 1324; Pierce v. Stevens, 205 Mass. 219, 71 N.E. 319; Kingsbury v. Chapin, 196 Mass. 533, 82 N.E. 700, 13 Ann.Cas. 738, wherein the foregoing settled principles and rules of construction have been followed and applied to analogous or similar questions to the one here presented.

The judgment of the trial court is affirmed.

Affirmed.