

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

OHN BEN SHEPPERD
ATTORNEY GENERAL

May 14, 1956

Hon. Robert S. Calvert  
Comptroller of Public Accounts  
Capitol Station  
Austin, Texas

Opinion No. S-198

Re: Inheritance tax liability of  
bequests to certain foreign  
charitable corporations.

Dear Mr. Calvert:

We quote the following excerpts from your letter requesting our opinion on the above-captioned matter.

"C. H. Seabrook died January 30, 1953, a resident of Texas, leaving a will which, after several specific bequests, provides that his estate shall go to The Mercantile National Bank, Dallas, Texas, as trustee. The income is to be paid to the wife for life. On her death the property in the hands of the trustee is to be transferred to the following named religious, educational and charitable organizations:

"Principia College, Elsah, Mo.;  
Christian Scientist Benevolent Association,  
San Francisco, Cal.;  
Christian Scientist Benevolent Association,  
Boston, Mass.;  
Pleasant View Home for the Aged, Concord,  
N.H.;  
First Church of Christian Scientist, Dallas,  
Texas;  
Scottish Rite Hospital for Crippled Children,  
Dallas, Texas.

"Decedent's wife died about 8 months after his death. The trustee has reduced the trust to cash and has delivered the shares to the respective beneficiaries. The trustee held a sufficient amount of each payment to pay the inheritance taxes proposed by the State Comptroller.

"The trustee at the time of delivery to each beneficiary had each to sign a commitment or statement to the effect that the bequest would be used in Texas.

**58**

"In connection with the transfer by the trustee of the trust property to the beneficiaries, decedent's will provides as follows:

"'It shall be the duty of the trustee in any such transfer to condition the same by a provision that the gift or gifts are to be used within the State of Texas. There shall be no duty or obligation on the trustee to see that the terms of the aforementioned conditions are fulfilled or to further concern itself with the trust properties and the use thereof after said transfer has been made.'

"The Comptroller concedes that the last two names beneficiaries above are exempt from inheritance tax as they are religious, educational or charitable organizations organized under the laws of the State of Texas and the bequests will be used in Texas.

"The Comptroller contends that the first four named organizations are due an inheritance on their bequests because:

"(1) They are foreign corporations,
"(2) That such bequests on account of the location of the organizations cannot be used in Texas."

We are in receipt of photostatic copies of the charters of the Christian Science Benevolent Association on Pacific Coast, Christian Science Benevolent Association and The Christian Science Pleasant View Home. Likewise, each of these corporations has furnished us with a certified copy of a resolution passed by the trustees of the respective institutions. These resolutions in substance state that the bequest will be held in trust in a fund to be known as the "Charles H. Seabrook Fund" which shall be available only for use in the State of Texas for purposes consistent with the charitable purposes of the respective institutions, including specifically gifts to individuals within the State of Texas for care by Christian Science nurses and Christian Science practitioners, living expenses and other charitable purposes.

We have received from the Principia Corporation a photostatic copy of its charter and a certified copy of a resolution duly executed by said corporation, under the terms of which the corporation accepted its legacy in accordance with the terms of the will requiring that the legacy be used in this State and dedicated said legacy to a fund to be known as the "Seabrook

Hon. Robert S. Calvert, page 3 (Opinion No. S-198)

Fund" to be used within this State for purposes consistent with the charitable purposes of the Principia Corporation, including specifically gifts to individuals within the State of Texas for educational expenses, scholarships and other charitable purposes.

In McIntire's Estate, 34 Pac. 2d 432 (Wash. Sup. 1934), the case cited in your request, the court was concerned with exemption under the following provision of the Washington statute:

"All gifts, bequests, devises and transfers of property situated within or under the jurisdiction of the State of Washington shall be exempt from the payment of any inheritance tax, when the same are for one of the following charitable purposes . . . Provided, That all such gifts, bequests, devises and transfers be limited for use within the State of Washington."

The bequest in question was to the Congregational Board of Ministerial Relief, a Connecticut corporation, in trust for the benefit of needy ministers of the Congregational Church in the State of Washington and their widows.

The majority opinion held that only domestic corporations could qualify for exemption, saying, at page 434, that "the bequest itself must go out of this state into the state of Connecticut to be used in that state by the foreign corporation to produce the income provided by the will."

Three judges dissented. We quote the following excerpt from the dissenting opinion:

"If the bequest in this case was to 'the Congregational Board of Ministerial Relief, a corporation organized under the laws of the state of Connecticut in 1907,' without limitation or qualification, the majority opinion would be correct, but the will provides that the bequest shall constitute a 'trust for the uses and purposes and upon the terms herein set forth, to-wit:

******************

" 'The said fund is to be invested and reinvested by the said Board, and its income only shall be used to assist in the support and maintenance of aged, needy and dependent ministers of the Congregational Church in the State of Washington and their widows; it being my intention that this bequest to the Congregational Board of

Ministerial Relief shall be limited for use within the State
of Washington and shall be granted for the relief of only
such aged, needy and dependent ministers and their wid-
ows as may be actually resident within said state.'

"It cannot be said that the gift was for the benefit
or maintenance of a foreign charity, or to be used even
partly in its jurisdiction, but through such charity for use
only in this state. This limitation distinguishes this case
from the authorities cited in the majority opinion, as I
understand them, and brings it within the terms of our
statute."

In re Thomas' Estate, 53 P. 2d 305 (Wash. Sup. 1936) held that
a bequest to "Salvation Army of Spokane" for charitable uses was not exempt
from inheritance tax where donee was a California corporation authorized to
do business in the State of Washington. The court said that the state had no
visitorial power enabling it to enforce compliance with will's direction that
the property be used in the State of Washington.

The judge who wrote the majority opinion pointed out that he had
concurred in the dissent in the McIntire case but that it must now be regard-
ed as the established rule. One judge concurred solely for the same reason
and one judge dissented.

Obviously all of the cases which have passed on whether chari-
table bequests to foreign corporations are exempt are bottomed on the
particular statutory provision involved. See Annotations in 168 A.L.R. 1260n
and 108 A.L.R. 300 n.

The first Texas Inheritance Tax Act[1] exempt property passing
to "any public corporation or charitable, educational or religious organiza-
tion within this State when such bequest, gift or devise is to be used for
charitable, educational or religious purposes within this State . . ." (Em-
phasis supplied throughout.)

In 1923 the exemption provision was amended and subjected
charitable devises to tax if property passed to " . . . any religious, educa-
tion or charitable organization, located without the State of Texas, or to
any religious, education or charitable organization located in the State of

---

[1] General Laws, 30th Leg., 1st C. S., 1907, ch. 21, p. 496.

Hon. Robert S. Calvert, page 5    (Opinion No. S-198)

Texas, . . . and the bequest is to be used without this State . . .[2]

In 1927 the above quoted section was again amended and an exemption was provided for property valued at less than $25,000.00 if the property was devised to a charitable organization "located within this state" and to be used within the state. Property in excess of $25,000.00 in value was subject to tax.[3]

In 1931 the Legislature passed House Bill 741,[4] the pertinent portions of which are the following.

"If passing to . . . any religious, educational or charitable organization or institution located without the State of Texas, or to any religious, educational or charitable organization or institution located in the State of Texas or to the United States, and the bequest, devise or gift is to be used without this State, . . . the tax shall be . . ."

The above quoted provision was construed in San Jacinto Nat. Bank v. Sheppard, et al, 125 S.W. 2d 715 (Tex. Civ. App. 1939). The court held that the term "located" as used in the statute was used by the Legislature in the sense of domicile or residence of a corporation and not only to distinguish generally a foreign from a domestic corporation but to require that even a domestic corporation, in order to claim a more favorable exemption, must use the devise or gift within the state.

At the date of the death of the decedent in the instant case, Article 7122, Vernon's Civil Statutes, had again been amended.[5] The pertinent provision reads as follows:

"Provided, however, that this Article shall not apply on property passing to or for the use of . . . any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State."

---

[2] Acts, 38th Leg., 2d Called Sess., 1923, ch. 29, pp. 63, 65.

[3] Acts, 40th Leg., R. S., ch. 62, p. 87.

[4] Acts, 42nd Leg., ch. 72, p. 109.

[5] Acts, 43rd Leg., R. S., 1933, ch. 192, pp. 581, 592.

Hon. Robert S. Calvert, page 6    (Opinion No. S-198)


The above quoted portion of the statute was construed in Presbyterian Church in the U. S. v. Sheppard, 198 S.W. 2d 282 (Tex. Civ. App. 1946, error ref., n.r.e.). In that case the bequest in question was to the Presbyterian Church in the United States. No limitation as to use was expressed in the will. It was stipulated that the Presbyterian Church through its proper officials had satisfied the State of Texas and its proper officials that said Church had legally obligated itself by action taken subsequent to the death of the decedent to use the bequest in its entirety within the State of Texas. The court held that the bequest was subject to tax upon the date of the death of the decedent and that the subsequent agreement on the part of the Church could not effectuate exemption. At page 284 the court said:

"... The will contained no language limiting or directing that the devisee church use the property in Texas only, and under no rule of construction can the will be construed as showing the intention of testatrix to require that the property be used only in Texas. ... Thus the property passed to appellant church upon the death of testatrix without limitation, restriction or reservation as to where or in what manner it was to be used. It is this character of succession or passing of property to a religious organization that the foregoing statute expressly seeks to tax."

Although the question was not before the court, the clear implication of the foregoing language is that had such limitation been expressed in the will, exemption would have been accorded even though the General Assembly, the governing body of the Church, was incorporated under the laws of North Carolina.

The 54th Legislature again amended Article 7122[6] and it now contains the following provision:

"Provided, however, that this Article shall not apply on property passing ... to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, when such bequest, devise or gift is to be used within this State. The exemption from tax under the preceding provisions of this Article shall, without limiting its application under other appropriate circumstances, apply to all or so much of any bequest, devise

---

[6] Acts, 54th Leg., R. S., 1955, ch. 389, p. 1032.

or gift to or for the use of . . . , a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this State. *

The foregoing history of the Texas exemption provision shows that since 1933 the statute has omitted any reference to the location of the charitable organization which receives a gift or bequest. The controlling statute in this case allows exemption for property passing to "any . . . charitable organization when such bequest, devise or gift is to be used within this State." Exemptions to charitable organizations are bottomed upon the fact that they render service to the State for which reason they are relieved of certain burdens of taxation. The will in this case expressly requires that the charitable bequests be used in this State. The charitable donees have undertaken the before summarized guarantees that said bequests will be used in this State. You are therefore advised that the statutory requisites for exemption have been satisfied and that no inheritance taxes are due.

## SUMMARY

Bequests to foreign charitable corporations are not subject to inheritance taxes where will conditioned bequests upon corporations' acceptance of will's requirement that the bequests be used within the State of Texas and where corporations complied with this requirement.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

APPROVED:

W. V. Geppert
Taxation Division

J. C. Davis, Jr.
Reviewer

J. Arthur Sandlin
Reviewer

By *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant Attorney General

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General