

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 26, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Dear Mr. Calvert:

Opinion No. WW-922

Re: Taxability for inheritance
tax purposes of bequest
in trust to the United
States to be used for the
retirement of the National
Debt.

In connection with your request on the above captioned
matter, we have been advised of the following facts.

Mrs. Susan Vaughan Clayton died testate January 7, 1960.
By her will she exercised a general power of appointment which
by the express terms of Article 14.01, Ch. 14, Title 122A,
Revised Civil Statutes,[1] is subject to tax unless within one of
the allowable statutory exemptions.

The specific bequest, which is the subject of your request,
is couched in the following terms:

"I direct that any income from the
Susan Vaughan Clayton Trust No. 2 . . .
be paid for the period provided in the
instrument creating said Trust, as
follows:

"(a) One-half (1/2) of such income
to my beloved country, the United States
of America, to be used for the retirement
of the National Debt. . . ."

Two articles of Chapter 14 specifically deal with the
method of computing the tax on property passing to or for the use
of the United States. Article 14.03-Class B relates solely to

---

[1]"All property within the jurisdiction of this State. . .and any
interest therein, including property passing under a general
power of appointment exercised by the decedent by will, . .shall
upon passing to or for the use of any person, corporation, or
association, be subject to a tax. . .in accordance with the
following classification; . . . ."

property passing to or for the use of the United States and reads, in part, as follows:

> "If passing to or for the use of the United States, to be used in this State, the tax shall be one per cent (1%) of any value in excess of Twenty-five Thousand Dollars ($25,000), and not exceeding Fifty Thousand Dollars ($50,000); Two per cent (2%) on any value in excess of Fifty Thousand Dollars ($50,000) and not exceeding One Hundred Thousand Dollars ($100,000); . . . ."

Thereafter the rates continue to increase in stated brackets reaching a maximum of 6% on any value in excess of $1,000,000.

Article 14.06-Class E - Foreign Bequests reads, in part, as follows:

> "If passing to or for the use of the United States, to or for the use of any other person or religious, educational or charitable organization or institution, or to any other person, corporation or association not included in any of the classes mentioned in the preceding portions of the original Act known as Chapter 29 of the General Laws of the Second Called Session of the Thirty-Eighth Legislature, the tax shall be:
>
> "5% on any value in excess of $500 and not exceeding $10,000; 6% on any value in excess of $10,000 and not exceeding $25,000; . . ."

Thereafter the rates continue to increase according to stated brackets reaching a maximum of 20% on any value in excess of $1,000,000. Article 14.06 also contains the following provision:

> "Provided, however, that this Article shall not apply on property passing to or for the use of the United States, or to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, when such bequest, devise or gift is to be

used within this State.  The exemption
from tax under the preceding provisions
of this Article shall, without limiting
its application under other appropriate
circumstances, apply to all or so much
of any bequest, devise or gift to or for
the use of the United States, or a
religious, educational or charitable
organization, which is, in writing and
prior to the payment of the tax, irre-
vocably committed for use exclusively
within the State of Texas or transferred
to a religious, educational or charitable
organization for use exclusively within
this State."

We quote the following from a letter from William B.
Butler, United States Attorney for the Southern District of
Texas by Norman W. Black, Assistant, dated July 13, 1960,
addressed to Honorable Robert S. Calvert, State Comptroller
of Public Accounts:

"I have informed the Department of
Justice (and they have informed the
Secretary of the Treasury) that Article
14.06 offers a possibility whereby the
United States could legally avoid the
payment of State Inheritance Taxes on
this Trust (the tax is estimated at
approximately $400,000.00).  The
Secretary of the Treasury has suggested
the following arrangement, whereby
the income from the bequest by the
late Mrs. Clayton could be used ex-
clusively within the State of Texas for
the retirement of the National Debt.
That proposed arrangement is as follows:

"'The Treasury would make special
arrangements to receive within the State
of Texas moneys representing income de-
rived from the Susan V. Clayton Trust
No. 2 and would maintain them in a separate
account in the name of the Treasurer of the
United States in the State of Texas and
not intermingle them with any other funds
of the United States.  Such moneys would
be used solely to redeem public debt ob-
ligations presented to the Treasury for
redemption in the State of Texas.

"'Specifically, the moneys would be
paid to the United States at the Federal
Reserve Bank of Dallas, Texas, for credit
to the Treasurer of the United States.
The Treasurer would maintain a special
deposit account with the Federal Reserve
Bank for these particular moneys.  This
account would be separate from the
account now maintained by the Treasurer
with the Federal Reserve Bank of Dallas
for General operating purposes.  The
moneys thus received in Texas and held on
deposit with the Federal Reserve Bank of
Dallas would be identified specially on
the books of the Treasury to be available
for retirement of the national debt.
From time to time, as public debt ob-
ligations are presented to the Federal
Reserve Bank of Dallas for redemption
by that Bank as fiscal agent of the
United States, the Treasury would direct
the bank to redeem such obligations from
the moneys held on deposit in the special
account representing the income from
the bequest.'"

We have reached the conclusion that the proposed arrange-
ment does not satisfy the requisite use within the state contem-
plated by either Article 14.03 or 14.06, and therefore it is
unnecessary to resolve the apparent conflict between these two
articles.  We have reached this conclusion in view of the
following cases.

In San Jacinto Nat. Bank v. Sheppard, 125 S.W.2d 715
(Tex.Civ.App. 1939), the court was concerned with the question
of whether a bequest to a foreign, non-profit corporation for
religious, benevolent and educational purposes was entitled to
exemption under Article 7122, R.S., as amended by Acts 42nd
Leg., Reg.Ses., Ch. 72, p. 109.  The statute provided for exemp-
tion of property devised to a religious, educational, or chari-
table organization or institution "located within this State"
and to be used within this State.  The court states that it was
clear that the term "located" was used by the Legislature in
the sense of residence or domicile and also manifested an intention
to require even a domestic corporation in order to claim a more
favorable exemption to use a devise or gift within the State.
Not only was the foreign corporation located in Ohio, said the
court, but the will did not require the funds derived from the
devise to be used in Texas.  Hence exemption could not be accorded.

The court pointed out that the exemption only of domestic corporations was sustained for the reason that in such a case the state can exercise its power of visitation and control only over domestic corporations and quoted with approval the following excerpt from Humphreys v. State, 70 N.E. 957, 961:

> "It is the policy of society to encourage benevolence and charity, but it is not the proper function of a state to go outside its own limits, and devote its resources to support the cause of religion, education, or missions for the benefit of mankind at large."

The court also quoted with approval from United States in Board of Education v. Illinois, 203 U.S. 553 (1906) as follows:

> "This power /_to make classifications for tax purposes on the basis of foreign and domestic corporations_/ is not unconstitutionally exercised by legislation which exempts the religious and educational institutions of the state from an inheritance tax and subjects educational and religious institutions of other states to the tax. Regarding alone the purposes of the institutions, no difference may be perceived between them, but regarding the spheres of their exercise, and the benefits derived from their exercise, a difference is conspicuous."

In Presbyterian Church in U. S. v. Sheppard, 198 S.W.2d 282 (Tex.Civ.App. error ref. n.r.e.), the court was concerned with Article 7122, V.C.S., which provided an exemption for "property passing to and for the use of the United States or any religious, educational or charitable organization, when such bequest, devise or gift is to be used within this State."

The decedent had devised certain properties to the Presbyterian Church in the United States. No limitation as to use was expressed in the will. Subsequent to decedent's death, and prior to the assessment of the tax, the Church through its governing officials legally obligated itself to use the bequest in its entirety within the State of Texas for religious purposes. Exemption was denied on the grounds that the requisite limitation as to use did not exist as of the date of death, and that such limitation could not be later supplied to effectuate exemption. At page 284 the court said:

> "The manifest purpose of the statute
> is to exempt a devise or bequest passing under
> a will from the payment of the tax imposed
> only when such devise or bequest is to be
> used in this State.  The statute specifically
> so provides."

In G. A. C. Halff Foundation v. Calvert, 281 S.W.2d 178 (Tex.Civ.App., 1955, error ref. n.r.e.), the decedent by will provided that a certain portion of the residue of his estate should be distributed to a charitable corporation, association, or trust fund to be selected by the trustees named in the will.  After the death of the testator, a charitable corporation was formed; and the use of its property and resources was by the terms of its corporate charter limited to charitable purposes within the State of Texas.  In discussing the exemption provision of Article 7122, V.C S., as the statute then stood and its requirement that the bequest, devise or gift be used within the state, the court said:

> ". . .The Legislature has thus decided
> that the greater good may be served by
> exempting certain property from taxation,
> considering the use to which it is dedicated.
> A use of property which alleviates a burden
> which the State or its political subdivisions
> would otherwise necessarily bear at public
> expense, or a use thereof which fulfills or
> accomplishes the generally accepted charita-
> ble objectives of the people of the State, is
> recognized as a proper subject of tax exemp-
> tion by specific legislative enactments."

Exemption was allowed on the basis that the will had created a power of appointment rather than a trust and that since under the old common-law doctrine of relation back, title is deemed to pass directly from the donor of the power, the requisite limitation as to use within the state was actually in existence at the time of death.

We think that the foregoing decisions demonstrate that the "use" contemplated by the statute is a direct, actual use within the State for the benefit of and limited to its citizens.  We do not think that this requisite use can be satisfied by the mere retention in the State of funds devised for the retirement of the national debt.  Any benefit which the residents of this State would receive under the proposed arrangement would be at best an incidental benefit shared equally with all of the residents of all

other forty-nine states.

Since it is well settled that a state may subject a legacy to the United States to an inheritance tax,[2] you are advised that an inheritance tax should be assessed upon the bequest under consideration according to the exemption and rates set forth in Article 14.06-Class E.

### S U M M A R Y

A bequest in trust to the United States to be used for the retirement of the National Debt is not exempt from inheritance taxes which should be assessed under the provision of Article 14.06-Class E, V.C.S.

---

[2] United States v. Burnison, 339 U.S. 87; Willcuts v. Bunn, 282 U.S. 216; Greiner v. Lewellyn, 258 U.S. 384; United States v. Perkins, 163 U.S. 625; State Tax Commission v. Backman, 88 Utah 424, 55 P2d 171.

Anno: 47 ALR2d 1010.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant

MMcGP:jip

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Paul W. Floyd, Jr.
Raymond V. Loftin, Jr.
William H. Pool, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee