

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 12, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1378

Re: Exemption from inheri-
tance taxes of devise
and bequest to the Leo
N. Levi Memorial Hospi-
tal in Hot Springs,
Arkansas.

Dear Mr. Calvert:

From your letter requesting the opinion of this office on
the above captioned matter, and from a file which you submitted
in connection with your request, we have been apprised of the fol-
lowing facts.

Leon Levine died testate on September 28, 1961. By the
fourth clause of his will, he devised and bequeathed all of the
residue of his estate to B'nai B'rith Home and Hospital of Mem-
phis, Tennessee, and the Leo N. Levi Memorial Hospital in Hot
Springs, Arkansas in equal portions. Admittedly, a tax is due
as a result of the bequest to the B'nai B'rith Home and Hospi-
tal; but the attorney for the estate is claiming a charitable
exemption for the bequest to the Leo N. Levi Memorial Hospital.

The following excerpt from the attorney's letter to the
Comptroller of Public Accounts sets forth the facts and reasons
he advances as effectuating exemption.

> "In referring to this Hospital in our
> Inheritance Tax Report we simply stated
> that it was in a State contiguous to
> Texas, but we did not mean by this to
> rule out the fact that it was operating
> on a regional basis. We thought our
> reference would indicate the fact that
> the exemption was claimed on this basis.
>
> "We wrote the Hospital to find out
> from whence they drew their support and
> the territory to which they ministered.
> Also we asked them to indicate where
> their officers and trustees were from.
> They replied as follows:
>
> "'We treat people from all over the
> United States and Canada. We have officers

and trustees all over the United States
and Canada. We have fewer officers and
directors in Arkansas than in any other
state and our Wills and Bequests are
usually from other states.

"'If you wish a run down of the states
from where we have received our money, I
can give you some at this time: Illinois,
New York, Ohio, Texas, Alabama, Tennessee,
Mississippi, Pennsylvania, and many more.'

"I have been unable to find where 'opera-
ting on a regional basis' has been judicially
defined, but it certainly seems to me that
a hospital such as this that draws support
from adjacent states and whose governing
body comes from all over the United States,
and which likewise treats people on a re-
gional basis as well as nationally, should
certainly qualify under the head of this
term."

Article 14.06, Title 122A, 20-A, Tax.-Gen., Vernon's Annotated
Civil Statutes, provides an exemption from inheritance taxes for
transfers to charitable organizations if such charitable organiza-
tions are to use the gift within this State. Article 14.06 also
contains the following further provisions for exemption which
reads as follows:

"Provided, further, that if the pro-
perty so passing is to or for the use of
a religious, educational, or charitable
organization which conducts its operations
on a regional basis, one such region of
which includes the State of Texas, or any
part thereof, then a bequest, devise or
gift to be used within such region shall
be deemed to be used within this state.

"For purposes of this paragraph a region
shall comprise not more than five contiguous
states, either in whole or in part, one of
which is the State of Texas."

It is true that there has been no judicial determination of
the meaning of the statutory requirement of conducting charitable
operations on a regional basis. However, this office has had oc-
casion to pass upon the meaning of this phrase in several opinions.
We quote the following excerpt from Attorney General's Opinion No.

WW-1146:

> ". . . It is clear to us, that for a
> charitable organization to conduct its
> operations on a 'regional basis', as that
> term is used in the statute, that the
> entire field of its operations would have
> to be divided into separate and distinct
> regions and be of a permanent nature, with
> each region being subject to local manage-
> ment and control, under proper directives
> from the officers or directors of the
> charitable organization."

The above quoted statement was made in connection with the usual
concept of regional operations. It did not, therefore, overrule
the prior holding of the Attorney General in Opinion No. WW-1141
to the effect that although the statute referred to the charita-
ble organization "which conducts its operations on a regional
basis, one such region of which includes the State of Texas or
any part thereof. . .", and that, therefore, national organiza-
tions operating on a regional basis were clearly within the pro-
vision, the quoted portion of the statute did not require the
existence of more than one region as a requisite to exemption.

Attorney General's Opinion No. WW-1349 denied exemption
to The National Foundation for Infantile Paralysis, Inc., a New
York corporation, with an unlimited geographical field of opera-
tion, in a case in which the funds it received were to be used
for the purposes for which it was incorporated. We quote the
following excerpt from that opinion.

> "The attorneys representing the es-
> tate take the position that the fact
> that the beneficiary is a charitable
> organization under the law is sufficient
> to effectuate exemption.
>
> "While it is true that under the Fed-
> eral Estate Tax laws there are no geo-
> graphical limitations imposed as a re-
> quisite to exemption for charitable insti-
> tutions, this has never been true in this
> State for inheritance tax purposes. Prior
> to its amendment in 1955, Article 7122,
> Vernon's Civil Statutes, presently carried
> as Article 14.06, 20A, Tax.-Gen., V.C.S.,
> had provided an exemption for property
> passing '. . . to or for the use of any
> religious, educational or charitable

organization when such bequest, de-
vise or gift is to be used within this
State.'  This provision had been con-
strued by our courts as requiring the
limitation to use within this State to
be expressed in the will, even though
the charitable beneficiary irrevocably
committed the devise and bequest to
use within this State subsequent to the
death of the decedent and prior to the
payment of the tax.  Presbyterian Church
in the U. S. v. Sheppard, 198 S.W.2d 282,
(Civ.App. 1946, error ref. n.r.e.).

"In 1955, Article 7122 was amended
by providing, in effect, that property
passing to religious, education or chari-
table organizations could gain exemption
from inheritance taxes, even though the
instrument effectuating transfer did not
require that the charitable gift be used
within this State, by irrevocably commit-
ting such gift to use within this State
prior to the payment of inheritance taxes.
Senate Bill 266, Acts 1955, 54th Leg.,
Chapter 389, p. 1032.

"In 1959, the 56th Legislature further
enlarged charitable exemptions by extend-
ing the geographical limitations on use
and thereby departed from the former con-
cept that the exemption would be accorded
charitable devises, bequests and gifts
only if their use was limited to this
State. . .  However, it is noteworthy
that even under this most recent amend-
ment of the statute, which accords exemp-
tion to property passing to or for the
use of charitable organizations conducting
their operations on a regional basis, it
is still necessary that the State of
Texas or a part thereof must be included
within the region of operations."

Consistently with the holding of these opinions, we can
only conclude that exemption cannot be accorded the Leo N. Levi
Memorial Hospital, since the fact that its patients come from
all over the United States and Canada, and the further fact that
it has been the beneficiary of devises and bequests from numer-
ous decedents of various states, are not such facts as constitute

conducting charitable operations on a regional basis within the meaning of the statute.

### S U M M A R Y

The Leo N. Levi Memorial Hospital and Home, a charitable institution, in Hot Springs, Arkansas, cannot obtain an exemption from inheritance taxes since the fact that it receives patients from all over the United States and from Canada, and the further fact that it has been the beneficiary of devises and bequests from decedents of various states are not such facts as constitute conducting charitable operations on a regional basis within the meaning of Article 14.06, 20A, Tax.-Gen., V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant

MMcGP/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Gordon Zuber
Frank Booth
Bob Patterson
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore