

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 7, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1349

Re: Exemption from inheritance taxes of devise and bequest to National Foundation for Infantile Paralysis, Inc.

Dear Mr. Calvert:

In connection with your request for an opinion of this office on the above captioned matter, you have advised us of the following facts.

H. T. Bender died testate a resident of Gray County, Texas, on December 30, 1960. You have furnished us with a copy of the Decedent's last will and testament. The controlling provisions of the will are contained in paragraphs IX, X and XI. The pertinent provisions of these paragraphs are the following:

"In the event I shall survive my wife, then I hereby give, devise and bequeath unto my Trustees hereinabove named all my property, both real, personal or mixed, of which I may die seized and possessed, IN TRUST NEVERTHELESS to hold, manage, control, sell and convey the same in accordance with the authority hereinafter conferred upon them.

"The beneficiaries of this trust shall be The American Cancer Society, Texas Division, a non-profit corporation, incorporated under the laws of the State of Texas and the National Foundation for Infantile Paralysis, Inc., a corporation organized under the Membership Corporations Law of the State of New York, having its principal office at 120 Broadway, New York, New York. My estate and the income, rents and revenues therefrom, including the proceeds of the same, shall be used by said corporations for the purposes and uses hereinafter set out.

"The term of this trust shall be for a period not to exceed five years from

and after the date of my death. . .

"During the pendency of this trust,
after the payment of all expenses
thereof, there shall be paid by my
Trustees one-half of the income, rents,
and revenues from the property of my
estate to The American Cancer Society,
Texas Division, with its office at
Houston, Texas, and one-half of the
income, rents and revenues from the
property of my estate shall be paid
to the National Foundation for Infan-
tile Paralysis, Inc., a New York cor-
poration. Prior to the termination of
this trust, I direct that my Trustees
shall sell all of the property of my
estate and shall deliver one-half of
the proceeds of the same, together with
one-half of the net income therefrom
after the payment of all expenses of
administering this trust, to each of
the beneficiaries, to be made at the
discretion and in the amounts as may
be determined by the Trustees.

"The American Cancer Society, Texas
Division, shall use all of the funds
received by it from my Trustees for
research in the methods of treatment,
diagnosis and prevention of cancer, and
to aid in the care of indigent cancer
patients in securing adequate diagnosis
and treatment, and any other activities
which may contribute to the control of
cancer in such manner as may be directed
by said corporation; provided however,
that all of the funds which may be re-
ceived by The American Cancer Society
shall be used by it and expended for
any and all of said purposes within the
State of Texas.

"The National Foundation for Infan-
tile Paralysis, Inc., shall use such
funds as may be received by it for the
purposes for which it is incorporated."

We quote the following excerpt from your letter requesting
the opinion of this office on the taxability of the devise and

bequest to the National Foundation for Infantile Paralysis, Inc.

> "Apparently, the intent of the testator was to limit the proceeds of one-half of the estate devised to the American Cancer Society for use within the State of Texas and the other one-half of the proceeds of the estate devised to the National Foundation for Infantile Paralysis, Inc., for use for the purposes for which the corporation was incorporated. Therefore, no limitation was placed on the expenditure of the proceeds of the estate passing to the National Foundation for Infantile Paralysis, Inc.

> "We have attempted to tax the bequest to the National Foundation for Infantile Paralysis, Inc., but the attorney representing this estate disagrees, and we are furnishing you a copy of his letter in connection with his position on the question involved in this case, . . .

> "Please advise whether or not this department is correct in fixing and assessing a tax against that portion of the estate passing to the National Foundation for Infantile Paralysis, Inc. Since the expenditure of the proceeds of one-half the estate passing to the American Cancer Society was limited to the State of Texas, it is exempt under our law."

The attorneys representing the estate take the position that the fact that the beneificiary is a charitable organization under the law is sufficient to effectuate exemption.

While it is true that under the Federal Estate Tax laws there are no geographical limitations imposed as a requisite to exemption for charitable institutions, this has never been true in this State for inheritance tax purposes. Prior to its amendment in 1955, Article 7122, Vernon's Civil Statutes, presently carried as Article 14.06, 20A, Tax.-Gen., V.C.S., had provided an exemption for property passing ". . .to or for the use of any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State." This provision had been construed by our courts as requiring the limitation to use within this State to be expressed in the will,

even though the charitable beneficiary irrevocably committed the devise and bequest to use within this State subsequent to the death of the decedent and prior to the payment of the tax.  Pres-byterian Church in the U. S. v. Sheppard, 198 S.W.2d 282, (Civ. App. 1946, error ref. n.r.e.).

In 1955, Article 7122 was amended by providing, in effect, that property passing to religious, educational or charitable organizations could gain exemption from inheritance taxes, even though the instrument effectuating transfer did not require that the charitable gift be used within this State, by irrevocably committing such gift to use within this State prior to the payment of inheritance taxes.  Senate Bill 266, Acts 1955, 54th Leg.,  Chapter 389, p. 1032.

In 1959, the 56th Legislature further enlarged charitable exemptions by extending the geographical limitations on use and thereby departed from the former concept that the exemption would be accorded charitable devises, bequests and gifts only if their use was limited to this State.  The pertinent portions of the statute as it presently reads are set out in the footnote below.[1]  However, it is noteworthy that even under

---

[1] Article 14.06, V.C.S., reads as follows:

"If passing to or for the use of. . . religious, educational or charitable organization or institution, . . . the tax shall be:

". . .

"Provided, however, that this Article shall not apply on property passing to or for the use of. . .any religious, educational or charitable organization incorporated, unincorporated or in the form of a trust, when such bequest, devise or gift is to be used within this State.

"The exemption from tax under the preceding provisions of this Article shall, without limiting its application under other appropriate circumstances, apply to all or so much of any bequest, devise or gift to or for

(Continue)

this most recent amendment of the statute, which accords exemption to property passing to or for the use of charitable organizations conducting their operations on a regional basis, it is still necessary that the State of Texas or a part thereof must be included within the region of operations.

You are therefore advised that under the provision of Article 14.06, as that article and its predecessor Article 7122 have been construed by the decisions of the courts of this State, and further in view of the plain language of its most recent amendment, exemption cannot be accorded to the bequest for the use of the National Foundation for Infantile Paralysis, Inc.

---

[1] (Cont'd)

the use of. . .a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this State.

"Provided, further, that if the property so passing is to or for the use of a religious, educational, or charitable organization which conducts its operations on a regional basis, one such region of which includes the State of Texas, or any part thereof, then a bequest, devise or gift to be used within such region shall be deemed to be used within this state.

"For purposes of this paragraph a region shall comprise not more than five contiguous states, either in whole or in part, one of which is the State of Texas.

"For purposes of this paragraph, a religious, educational, or charitable organization shall include, but not be limited to, a youth program of physical fitness, character development, and citizenship training or like program."

## S U M M A R Y

A bequest to the National Foundation for Infantile Paralysis, Inc., a New York corporation, is not exempt from inheritance taxes since the funds so devised and bequeathed will not be used exclusively within the State of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant

MMcGP/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Arthur Sandlin
Robert Scofield
Elmer McVey
W. E. Allen

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.